**UNITED STATES of America, Plaintiff,**

v.

**Robert J. COHEN, Defendant.**

**Cr. 585 L.**

United States District Court, D. Nebraska.

Oct. 14, 1970.

Duane L. Nelson, Special Asst. U. S. Dist. Atty, Lincoln, Neb., for plaintiff.

Alan E. Peterson, Lincoln, Neb., for defendant.

## MEMORANDUM AND ORDER

VAN PELT, Judge.

This matter comes before the court upon defendant's motion to suppress evidence (filing #36), consisting of or developed from oral statements made by defendant, Robert J. Cohen, to Harris T.

Clabaugh, an investigator with the office of the Inspector General of the United States Department of Agriculture, on or about March 1, 1967. In addition, defendant seeks to suppress the signed written statement (Exhibit 1) dated March 1, 1967. Defendant's motion is predicated upon the allegation that he was tricked into making incriminating statements and admissions by Agent Clabaugh, and hence neither the oral nor the written statements can be considered voluntary. A hearing was held, oral arguments were presented, and briefs have been submitted. The matter now stands ready for determination.

The facts developed at the hearing tend to show that Agent Clabaugh had been investigating defendant's alleged wheat shortages for approximately three weeks when on March 1, 1967, he went to defendant's home near Wallace, Nebraska, for an interview. He identified himself and told defendant he was there to discuss defendant's loan shortages. Defendant invited Agent Clabaugh into his home where the interview continued for a period of about two to three hours. Agent Clabaugh did not advise the defendant he was making a criminal investigation.

During the early course of the interview Agent Clabaugh indicated there had been some similar situations involving some Iowa farmers in which the individuals had not been prosecuted, but there had also been some similar situations in which prosecution had resulted. Defendant testified he was advised he didn't have to answer any questions propounded by Agent Clabaugh, and at some point the question arose as to whether an attorney should be present. However, defendant chose not to have an attorney present at that time and the conversation continued.

When the interview was over, Agent Clabaugh returned to his motel room in North Platte where he typed the statement in evidence here as Exhibit 1 from his notes of the earlier conversation. Later that afternoon, defendant went to

Clabaugh's room where he waited until the statement was completely typed. Defendant then read the statement over and penciled in a few minor corrections. There was some suggestion that defendant have a lawyer examine the statement before it was executed, and the two men drove to the office of Donald Kelley, who was Cohen's attorney, in North Platte. Mr. Kelley examined the statement and advised defendant not to sign it. Defendant, however, proceeded to sign the statement.

Defendant seeks to suppress both the oral and written statements. In support of his position, defendant contends he was never advised of his rights as required by Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L. Ed.2d 694 (1966). Defendant does not contend specifically that the *Miranda* rules are applicable to his case, and properly so, since none of the statements herein were gained through custodial interrogation. See United States v. Hamlin, 432 F.2d 905 (8th Cir. 1970); Ouletta v. Sarver, 428 F.2d 804 (8th Cir. 1970); United States v. Brevik, 422 F. 2d 449 (8th Cir. 1970); Cohen v. United States, 405 F.2d 34 (8th Cir. 1969), cert. denied, 394 U.S. 943, 89 S.Ct. 1274, 22 L.Ed.2d 478 (1969); White v. United States, 395 F.2d 170 (8th Cir. 1968), cert. denied, Kubik v. United States, 393 U.S. 844, 89 S.Ct. 127, 21 L.Ed.2d 115 (1968).

Defendant does argue, however, that the absence of such warnings is but one factor in the totality of the circumstances indicating the total unfairness of defendant's interrogation by Agent Clabaugh, and under the circumstances in which Exhibit 1 was obtained it cannot be considered voluntary. More specifically, defendant argues he was tricked into making these incriminating statements early in the interview in that he was led to believe that cooperation on defendant's part would protect him from prosecution.

Defendant's own testimony indicated he was never actually told that his

cooperation would result in having his case "pigeonholed", but merely that he was left with that impression, and that the alleged subterfuge was by implication rather than by express misrepresentation. The only discernible basis for this conclusion is that Agent Clabaugh discussed others who had been in similar situations who had not been prosecuted. Defendant also contends that Agent Clabaugh's friendly manner in conducting the interview is somehow surreptitious in character with which the court does not agree, but the essence of the complaint is that there was an implied "deal" upon which defendant relied. However, it is clear that the statements of the investigator cannot be considered in isolation, but that his testimony, as well as all other evidence material to this issue must be viewed in context. United States v. Hamlin, *supra*.

Agent Clabaugh testified that he never told defendant that cooperation would result in not having charges brought, that defendant was never forced to say anything to him, and that he had no intention of giving defendant any impression that charges would not be brought. He did state he had mentioned a case involving some Iowa farmers who had not been prosecuted and that there were also cases similar to defendant's case in which there had been charges brought. Agent Clabaugh further testified he had no authority to recommend whether charges should or should not be brought, and that no "deal" was made with the defendant.

▉▉ The rule in this circuit is well established that the conduct proscribed in noncustodial interrogations is the affirmative misleading of the party into believing that the investigation is exclusively civil in nature, and that it will not lead to criminal charges. United States v. Hamlin, *supra*; Cohen v. United States, *supra*; White v. United States, *supra*. In this case, the court concludes that Agent Clabaugh made no affirmative misrepresentations as to the nature of his investigtion, and that defendant concluded on his own volition that his most advantageous course of conduct would be to fully cooperate with Agent Clabaugh and tell the truth. The statements were the result of voluntary acts on the part of the defendant, and were not predicated on any affirmative misrepresentation, or on any fraud or trickery on the part of Agent Clabaugh. Taking Cohen to his attorney supports the court's conclusion that there was no trickery or fraud. Cohen's not following his attorney's advice supports the conclusion that he acted voluntarily. Indeed, defendant concedes he would not have had to answer any questions, but proceeded to do so, knowing that Agent Clabaugh was attempting to investigate defendant's shortages. The court concludes that the confession was voluntary, and that defendant's motion should be overruled.

It is ordered by the court that defendant's motion (filing 36) to suppress evidence be and it is overruled in all respects.