**Phillip J. McCAHILL, Petitioner,**

**v.**

**Commander W. G. EASON, Commanding Officer, Training Squadron One, Naval Air Station, Saufley Field, Pensacola, Florida, et al., Respondents.**

**No. 73–75–Civ–P.**

United States District Court,
N. D. Florida,
Pensacola Division.

June 12, 1973.

Henry R. Barksdale, Pensacola, Fla., for petitioner.

Kenneth L. Abernathy and U. S. Atty. Wm. H. Stafford, Jr., Pensacola, Fla., for respondents.

## FINAL ORDER

ARNOW, Chief Judge.

This matter coming on for final hearing upon the petition of Phillip J. McCahill, for a writ of habeas corpus and other relief; and the parties having presented evidence and stipulated to the facts of the case and their respective counsel having made argument before this Court; and the Court being fully advised in the premises; it is hereby

Ordered and Adjudged as follows:

1. The petition for writ of habeas corpus and other relief is hereby granted.

■ 2. That petitioner's status of awaiting trial by special court-martial as a member of the naval service constitutes more than ordinary military restraint and renders him sufficiently restrained of his liberty to give this Court jurisdiction to entertain his petition under Title 28, U.S.C., § 2241. Hensley v. Municipal Court, 411 U.S. 345, 93 S.Ct. 1571, 36 L.Ed.2d 294 (1973); Capler v. City of Greenville, Mississippi, 422 F.2d 299 (5th Cir. 1970); Marden v. Purdy, 409 F.2d 784 (5th Cir. 1969); Paragraph 11(d), Manual for Courts-Martial, 1969 (Rev.).

■ 3. That the petitioner is not required to exhaust his military remedies inasmuch as the highest military appeals court has said that it rejects the decision rendered in Avrech v. Secretary of the Navy, 477 F.2d 1237 (D.C.Cir.1973) such decision being in accord with petitioner's claim in this case. U. S. v. Unrue, U.S.C. M.A. (#26552 April 2, 1973) (A copy of this decision appears in this record as Court's Exhibit 4); and because the Judge Advocate General of the Navy and the Secretary of the Navy have expressed the military's rejection of the Avrech decision. [See the Secretary of the Navy's message appearing in the record as Court's Exhibit 1 and Rear Admiral Staring's letter appearing in the record as Court's Exhibit 2]. To require the petitioner to exhaust his military remedies would force him to undergo a useless ordeal. Cole v. Laird, 468 F.2d 829 (5th Cir. 1972).

This Court does not consider the case of Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971) applicable to petitioner's case because that case dealt with federal courts' injunctive power over state courts. Assuming, however, that Younger could apply, this Court holds this case comes within one of the express exceptions recognized by the court in the Younger decision, in that Article 134 is unconstitutional upon its face, as set forth in the next paragraph, and that it is patently and flagrantly unconstitutional.

■ 4. That Article 134 of the Uniform Code of Military Justice, Title 10 U.S.C. § 934, be, and the same is hereby, declared to be unconstitutional on its face because it is vague and overbroad in violation of the Fifth Amendment to the Constitution of the United States of America. Avrech v. Secretary of the Navy, 477 F.2d 1237 (D.C.Cir. March 20, 1973); Levy v. Parker, 478 F.2d 772 (3rd Cir. 1973); and Stolte v. Laird, 353 F.Supp. 1392 (D.C.1972).

5. The orders of this Court entered on May 21, 1973 and May 25, 1973 are hereby confirmed.

6. That the respondents are hereby permanently enjoined and restrained from further disciplinary or prosecutorial action against the petitioner under Article 134, Uniform Code of Military Justice, Title 10 U.S.C. § 934.

This order shall take effect on June 22, 1973.