## Harley D. WATERS
### v.
## James R. SCHLESINGER et al.
## No. CA 3-7766-B.

United States District Court,
N. D. Texas,
Dallas Division.
Nov. 12, 1973.

---

Atwell, Cain, Davenport & Jones, by R. Jack Ayres, Jr. and John O. Jones, Dallas, Tex., for plaintiff.

Frank McCown, U. S. Atty., Kenneth Mignell, Asst. U. S. Atty., for defendant.

*Memorandum Opinion and Order*

HUGHES, District Judge.

Having obtained leave to proceed in forma pauperis, petitioner Harley D. Waters filed his Complaint in the above styled and numbered cause on October 10, 1973, seeking issuance of a Temporary Restraining Order that would halt a pending court martial by the United States Air Force for three alleged violations of Article 134 of the Uniform Code of Military Justice, 10 U.S.C. § 934 (1970) contending that Article to be unconstitutional.[1] In addition to emergency relief from the prosecution that was scheduled to commence on October 11, 1973, petitioner seeks preliminary and permanent injunctive relief.

Following the issuance of a Temporary Restraining Order by this court, the government filed a Motion to Dismiss asserting *inter alia* failure of petitioner to exhaust his administrative remedies. After a prolonged and intensive review of the pleadings, briefs, exhibits and related documents filed in this cause, the court is of the opinion that this cause must be dismissed.

The Stipulation of Facts filed November 1, 1973, as supplemented on November 2, 1973, sets forth the pertinent facts. Due to the significance of the issue of exhaustion of remedies as initially presented by the government in its Motion to Dismiss, certain facts should be repeated here.

The contested charges were filed against petitioner on October 1, 1973.

On that same day, a general court martial was convened by Special Order AC–22. On October 2, 1973, petitioner received notice of the court martial and notice of the alleged offenses. Major General Robert L. Petit, upon the advice of the Staff Judge Advocate, convened the court martial after being advised of previous challenges to the constitutionality of Article 134. An Article 32 hearing was conducted with the investigating officer following the previous interpretations of the United States Court of Military Appeals and refusing to declare Article 134 unconstitutional.

If a preliminary injunction is not granted, the trial will be convened and petitioner will be permitted to present his constitutional defense. Under Article 67, Manual for Courts-Martial (United States) 1968, a defense that runs to the military trial court's jurisdiction, such as a challenge to the constitutionality of an alleged offense, may be raised ". . . by motion to dismiss before a plea is entered; but failure to assert them at that time does not constitute a waiver of the defense or objection." Indeed, Article 68b states respecting the jurisdiction of the trial court that this objection ". . . cannot be waived and may be asserted at any time."

Petitioner has not filed a motion to dismiss with the military trial court contending (i) that his counsel has been informally advised that such a motion will be denied, and (ii) that the military trial court is obligated to uphold the constitutionality because the United States Court of Military Appeals has ruled Article 134 constitutional.

Thus, the issue is joined whether this court has jurisdiction to enjoin a military trial court from commencing prosecution for a possible violation of an al-

---

1. The petitioner was charged in the specification filed by the Staff Judge Advocate with (i) a violation of Article 121 of the UCMJ, 10 U.S.C. § 921 (1970), and (ii) three violations of Article 134. At a conference conducted by the court on October 11 before issuance of the Temporary Restraining Order, it was agreed that petitioner was not challenging the proposed prosecution for an alleged violation of Article 121 and that the Air Force could commence prosecution on that count at its discretion.

**462**

leged unconstitutional statute when the accused has not (a) presented his objection to jurisdiction to the forum court, (b) had his objection ruled upon by the forum court, (c) filed for a writ of prohibition or other relief with the United States Court of Military Appeals, (d) been convicted, or (e) had the proceedings reviewed by appeal.

■■ In this context, it is very significant to note that petitioner *does not* challenge in any way the *in personam* jurisdiction of the military trial court. He only seeks to enjoin the future prosecution under Article 134.

It is well established that:

Federal injunctions against state criminal statutes, either in their entirety or with respect to their separate and distinct prohibitions, are not to be granted as a matter of course, even if such statutes are unconstitutional.

Watson v. Buck, 313 U.S. 387, 400, 61 S.Ct. 962, 966, 85 L.Ed. 1416 (1941). *See also* Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1970). This general principal is applicable to prosecutions pending before a military trial court. To justify intervention at this stage of the proceedings, petitioner must show a threat of immediate and irreparable harm. The record shows that petitioner is threatened only with an injury that is " . . . incidental to every criminal proceeding brought lawfully and in good faith . . .", which is insufficient harm to justify intervention. *See* Douglas v. Jeannette, 319 U.S. 157, 164, 63 S.Ct. 877, 881, 87 L.Ed. 1324 (1942). Thus, since petitioner does not allege facts that would bring him within the scope of Dombrowski v. Pfister, 380 U.S. 479, 85 S.Ct. 1116, 14 L.Ed.2d 22 (1965), no injunction should issue. *See* Younger v. Harris, 401 U.S. 37, 46–49, 91 S.Ct. 746, 27 L.Ed.2d 669 (1970).

■ Moreover, even if petitioner were faced with immediate and irrepara-ble harm, he has failed to exhaust existing remedies within the military judicial system. Until he does so this court does not have jurisdiction. Gusik v. Schilder, 340 U.S. 128, 71 S.Ct. 149, 95 L.Ed. 146 (1950); Noyd v. Bond, 395 U.S. 683, 89 S.Ct. 1876, 23 L.Ed.2d 631 (1969).

The military judiciary is capable of affording petitioner with reasonable promptness the relief he seeks—dismissal of the criminal prosecution now pending. *See* Parisi v. Davidson, 405 U.S. 34, 41, 92 S.Ct. 815, 31 L.Ed.2d 17 (1972). While he may speculate how his constitutional defenses will be ruled upon at the trial level and may hypothesize about appellate rulings, the petitioner has not yet been convicted and the rejection of his argument is not yet a legal certainty.

Indeed, Congress has taken great care to both define the rights of those subject to military law, and provide a complete system of review within the military system to secure those rights.

\* \* \* \* \* \*

The military courts . . . have the same responsibilities as do the federal courts to protect a person from a violation of his constitutional rights.

Burns v. Wilson, 346 U.S. 137, 140, 142, 73 S.Ct. 1045, 1048, 97 L.Ed. 1508 (1952). To therefore assume jurisdiction to adjudicate the constitutionality of a penal statute before the military trial court at issue has itself passed upon the issue would constitute a hasty, premature act that would do nothing but create friction.

Petitioner argues that because his appointed military counsel had been informally advised by the presiding military judge that a motion to dismiss attacking the constitutionality of Article 134 would be denied that petitioner comes within the scope of Etheridge v. Schlesinger, 362 F.Supp. 198, 201 (E.D.Va. 1973).

*Etheridge,* however, and the related case of Garmon v. Warner, 358 F.Supp.

206 (W.D.N.C.1973) are not relevant here. First, there was no pending prosecution in either *Etheridge* or *Garmon*. Second, the officials in charge of the enforcement and/or adoption of the regulations had already refused to make modifications. Here, the United States Court of Military Appeals has not passed on petitioner's case. Finally, as a matter of law, petitioner in this case has not exhausted existing remedies. *Garmon* and *Etheridge* do not excuse a failure to exhaust available remedies but, rather, establish a subjective standard of exhaustion, a standard that must be measured on a case-by-case basis.

In further support of his jurisdictional allegation, petitioner cites this court to numerous cases holding that exhaustion of existing military administrative and/or judicial remedies is not required before a civil court acquires habeas corpus jurisdiction.

An analysis of these cases, together with independent research by this court shows all can be differentiated.

First, there are those cases in which the petitioner, taken into custody by the military prior to trial by a court martial, challenges the *in personam* jurisdiction of the military trial court by asserting he is a civilian and not a member of the armed forces. *See, e. g.,* Reid v. Covert, 354 U.S. 1, 77 S.Ct. 1222, 1 L.Ed.2d 1148 (1957); Toth v. Quarles, 350 U.S. 11, 76 S.Ct. 1, 100 L.Ed. 8 (1955); McElroy v. Guagliardo, 361 U.S. 281, 80 S.Ct. 305, 4 L.Ed.2d 282 (1969).

Second, there are instances in which court martial or military justice procedures are not pending. *See, e. g.,* Pitcher v. Laird, 421 F.2d 1272 (5th Cir. 1970).

Third, there are cases in which the military courts are unable to grant the relief requested and, therefore, to require exhaustion would be futile. *See,* e. g., ·Parisi v. Davidson, 405 U.S. 34, 92 S.Ct. 815, 31 L.Ed.2d 17 (1972).

Fourth, there are situations in which the petitioner challenges the military regulations or pending non-prosecutorial action. *See, e. g. Etheridge, supra; Garmon, supra;* Dunmar v. Ailes, 121 U.S. App.D.C. 45, 348 F.2d 51 (1965).

Fifth, there are cases involving offenses not committed while in the discharge of military duties. *See* Cole v. Laird, 468 F.2d 829 (5 Cir. 1972).

The petition currently before this court does not come within any of the above classes of actions that permit federal court jurisdiction to attach before petitioner has exhausted his existing military administrative or judicial remedies.

Petitioner's conviction for a violation of Article 134 is a hypothetical future contingency. To intervene at this time when petitioner's proposed defense has not yet been presented to either the military trial forum or an appellate court would be in direct conflict with the general doctrine of exhaustion applicable in military prosecutions. *See* Noyd v. Bond, *supra;* Gusik v. Schilder, *supra.*

As to petitioner's plea that this court follow McCahill v. Eason, 361 F.Supp. 588 (N.D.Fla.1973), that plea is also rejected. The court in *McCahill* held that assuming *Younger* applied, ". . . this case comes within one of the express exceptions recognized by the court in the *Younger* decision. . . ." 361 F.Supp. at 589. However, *this* case does not come within a recognized exception. Moreover, the Fifth Circuit has recently refused to grant an injunction pending appeal from a similar serviceman case styled Scott v. Schlesinger (N.D.Tex. 1973).

It is therefore Ordered, Adjudged and Decreed that the above styled and numbered cause be and the same hereby is dismissed without prejudice.