Alan SEDGWICK, Petitioner,

v.

SUPERIOR COURT OF the DISTRICT
OF COLUMBIA, Respondent.

Civ. A. No. 76–1246.

United States District Court,
District of Columbia.

July 28, 1976.

Frederick H. Weisberg, Jeffrey Freund, W. Gary Kohlman, Silas Wasserstrom, Public Defenders Service, Washington, D. C., for petitioner.

Robert Fabrikant, Asst. U. S. Atty., Washington, D. C., for respondent.

## MEMORANDUM AND ORDER

GESELL, District Judge.

Petitioner seeks by habeas corpus in this Court to prevent his imminent retrial for serious criminal offenses in the Superior Court of the District of Columbia. His claim is that a retrial is prohibited by the Fifth Amendment to the Constitution which provides that no person shall be "twice in jeopardy of life or limb" for the same offense. Petitioner has fully exhausted his remedies through the District of Columbia Courts without success. *United States v. Sedgwick*, 345 A.2d 465 (D.C. Ct. App. 1975), *cert. denied*, 425 U.S. 966, 96 S.Ct. 1751, 48 L.Ed.2d 210, 44 U.S.L.W. 3625 (U.S. May 4, 1976).

At the outset, the United States challenges this Court's jurisdiction. The United States Court of Appeals for this Circuit had held in *Palmore v. Sup. Ct. of District of Columbia*, 169 U.S.App.D.C. 323, 515 F.2d 1294 (1975), that this Court has traditional habeas corpus jurisdiction over the local courts and, although the Supreme Court of the United States has granted certiorari, *Palmore* controls. The United States also relies on the recent Supreme Court decision in *Stone v. Powell*, —— U.S. ——, 96 S.Ct. 3037, 49 L.Ed.2d ——, 44 U.S.L.W. 5313 (U.S. July 6, 1976), which holds that United States District Courts no longer have habeas jurisdiction over state courts where a petitioner's application for a writ asserts failure of the state court to suppress evidence obtained in violation of the Fourth Amendment to the Constitution. It is suggested that the double jeopardy clause, like the exclusionary rule, is primarily a protection against prosecutorial misconduct and does not go to the reliability of the trial process. This is incorrect. The double jeopardy clause is not a punitive device developed by the courts to deter overzealous prosecutions. The double jeopardy clause declares the right of a citizen to a final adjudication before a single tribunal, *Wade v. Hunter*, 336 U.S. 684, 689, 69 S.Ct. 834, 93 L.Ed. 974 (1948); *United States v. Jorn*, 400 U.S. 470, 484, 91 S.Ct. 547, 27 L.Ed.2d 543 (1970), and protects any person charged from the ordeal of repeated prosecutions. *Green v. United States*, 355 U.S. 184, 187–188, 78 S.Ct. 221, 2 L.Ed.2d 199 (1957); *United States v. Jorn, supra*, 400 U.S. at 479, 91 S.Ct. 547, 27 L.Ed.2d 543. The double jeopardy clause established an individual constitutional right which Justice Powell, speaking for the majority in *Stone*, noted stands on a different footing from the suppression rule:

> Our decision today is *not* concerned with the scope of the habeas corpus statute as authority for litigating constitutional claims generally. We do reaffirm that the exclusionary rule is a judicially created remedy rather than a personal constitutional right . . . . *Supra*, n. 37.

Thus habeas based on a court-made suppression rule is sharply distinguished from habeas based on violation of a basic right, such as protection against double jeopardy. If there is to be a further erosion of the Great Writ, that decision must be explicitly made and, indeed, can only be made by the Supreme Court. Petitioner is on bond and hence in custody for purposes of habeas, *United States ex rel. Russo v. Superior Ct. of N.J.*, 483 F.2d 7 (3d Cir.), *cert. denied*, 414 U.S. 1023, 94 S.Ct. 447, 38 L.Ed.2d 315 (1973); *see also, Hensley v. Municipal Ct.*, 411 U.S. 345, 93 S.Ct. 1571, 36 L.Ed.2d 294 (1973), and the Court has jurisdiction under presently prevailing precedent.

During petitioner's trial, after selection of the jury and presentation of a substantial amount of the prosecution's evidence, the Assistant U. S. Attorney in charge of the prosecution revealed that among his papers was a highly significant police report which had not been disclosed to the defense. The report noted that immediately after the offense another person, whose precise identity was not known, had been boasting in a neighborhood bar that he had committed the crime. This lead had been only superficially investigated and obviously could not be run down when it surfaced at trial.

Petitioner moved to dismiss, claiming he was entitled to pretrial disclosure of the report under *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). The trial court declared a mistrial over defendant's objection, finding "manifest necessity." Much later the Court dismissed the indictment when the lead indicated by the police report was found too stale to be productive. At all stages the trial judge acted conscientiously, after thorough hearing, to protect what he perceived to be the interests of the defendant. He was fully aware of the potential double jeopardy problem.

The District of Columbia Court of Appeals ruled that the police report was not covered by *Brady* and approved a second trial. Whether or not this determination is correct, resolution of the *Brady* issue is not necessary or particularly relevant to the determination of the present petition.

■ A trial judge may not declare a mistrial over defendant's objections unless mistrial is a "manifest necessity" to meet the "ends of public justice." *United States v. Dinitz,* 424 U.S. 600, 96 S.Ct. 1075, 1079, 47 L.Ed.2d 267 (1976), and cases cited therein. The mistrial was wholly unnecessary in this instance. Manifest necessity arises only where continuation of a trial becomes useless, that is to say, when it is apparent that the result can be upset "at will" by a party on appeal.* *Illinois v.*

*Sommerville,* 410 U.S. 458, 471, 93 S.Ct. 1066, 35 L.Ed.2d 425 (1973). This has occurred in essentially two situations: (1) where "an impartial verdict cannot be reached" (*e. g.,* juror served on grand jury, *Thompson v. United States,* 155 U.S. 271, 15 S.Ct. 73, 39 L.Ed. 146 (1894); juror acquainted with defendant, *Simmons v. United States,* 142 U.S. 148, 12 S.Ct. 171, 35 L.Ed. 968 (1891) ), or (2) an obvious procedural error makes reversal on appeal a certainty. *Illinois v. Sommerville, supra,* 410 U.S. at 464, 93 S.Ct. 1066, 35 L.Ed.2d 425. Failure of the prosecution to disclose relevant discoverable material does not create manifest necessity for mistrial over defendant's objection. When difficulties arise in the course of a trial involving unexpected developments due to the absence of witnesses, or unexpected evidence, it is the defendant's option whether to ask for mistrial. Failing such consent, the trial must proceed and if it results in conviction rather than acquittal, the question of possible error can be reviewed post-trial both by the trial judge and on appeal. If, in fact, the error goes to the validity of the conviction, retrial will be ordered. A trial judge simply cannot abort a trial mid-stream over the defendant's objection because a resulting conviction *may* be reversed. This would devalue defendant's right to final adjudication before a particular tribunal. *United States v. Jorn, supra.*

■ The Government argues that the manifest necessity standard should not apply in this case. It maintains that by requesting dismissal the defendant consented to the lesser ruling of mistrial as well. It is clear from the record that in asking for dismissal the defendant was seeking a termination of all proceedings against him. He objected to a mistrial precisely because it would not lead to such a final termination. The contention that the request for dismissal necessarily included a request for mistrial has no merit.

■ In the present situation it is clear that defendant objected to mistrial and

---

* Obviously manifest necessity also exists where a trial ends in a hung jury. *United States v.* *Perez,* 22 U.S. (9 Wheat.) 579, 6 L.Ed. 165 (1824).

stated that if a mistrial were declared the double jeopardy issue would be raised. The trial judge's justifiable concern that the prosecution had apparently withheld crucial information, although not maliciously, is understandable. Other remedies existed and it was not proper to abort the trial by terminating it over defendant's objection. There was no manifest necessity. The second trial shall not take place. The writ shall issue and the defendant shall be released.

SO ORDERED.