**Charles P. OULETTA, Appellant,**

v.

**Charles Robert SARVER, Commissioner of Corrections, State of Arkansas, and Ted Hood, Surety, Appellees.**

**No. 20145.**

United States Court of Appeals,
Eighth Circuit.

July 10, 1970.

H. Allen Dishongh, Little Rock, Ark., for appellant; James L. Sloan, Little Rock, Ark., on the brief.

Mike Wilson, Asst. Atty. Gen., Little Rock, Ark., for appellees; Joe Purcell, Atty. Gen., on the brief.

Before VAN OOSTERHOUT, Chief Judge, JOHNSEN, Senior Circuit Judge, and HEANEY, Circuit Judge.

PER CURIAM.

The defendant, a building contractor, had dealings with an Arkansas state bank for a number of years. The bank financed the defendant's operations by means of loans evidenced by promissory notes secured by mortgages on the properties being developed. When the defendant's line of credit reached the point where it exceeded the limits permitted to the bank by Arkansas law, the defendant submitted promissory notes and mortgages to the bank on which the defendant had signed the names of fictitious persons. During the examination of the bank by the Federal Deposit Insurance Corporation, the examiner became suspicious and questioned some of the notes and mortgages. He interviewed the defendant on a number of occasions seeking to learn the identity of the persons whose names had been signed to the notes and mortgages. He asked the defendant to come to the bank to discuss the matter further on November 14th or 15th. On November 15, 1967, the defendant came to the bank. He immediately told the examiner that he had been talking with his priest and that he had some things that he wanted to get off his chest. He then told the examiner that he had signed fictitious names to a number of notes and mortgages. The statement was reduced to writing by the examiner and signed by the defendant. The examiner did not advise the defendant of his right to counsel, of his right to remain silent or of the fact that the statement might be used against him in a criminal prosecution.

The defendant was charged in state court with forgery of documents and uttering them to the bank. He pled not guilty, was tried and convicted. The statement which he had given to the examiner was introduced in evidence against him over his objection.

The defendant's conviction was affirmed by the Supreme Court of Arkansas. Ouletta v. State, 246 Ark. 1112, 442 S.W.2d 216 (1969). The Arkansas Supreme Court specifically considered and rejected the defendant's contention that the statement should have been excluded because he was not warned of his rights in accordance with Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

In his habeas corpus petition, the defendant again raised and the United States District Court considered the Miranda issue. It held that even though the examiner may have suspected that the petitioner had committed a crime against the bank when he took the statement "that the petitioner was not in custody when he made his statement, that his liberty had not been significantly restrained in any way, that [the F.D.I.C. examiner] did not deceive or coerce petitioner or exert any pressure upon him to make the statement and that the statement was completely voluntary." The court concluded that under such circumstances, no Miranda warnings were required.

The *Miranda* issue is the only one raised by the defendant on this appeal. We have thoroughly reviewed the record and find that the trial court's conclusions are supported by the evidence. We further hold that it correctly relied upon this Court's decisions in Cohen v. United States, 405 F.2d 34 (8th Cir. 1968), cert. denied, 394 U.S. 943, 89 S. Ct. 1274, 22 L.Ed.2d 478 (1969), and White v. United States, 395 F.2d 170 (8th Cir.), cert. denied, Hubik v. United States, 393 U.S. 844, 89 S.Ct. 127, 21 L. Ed.2d 115 (1968), in denying the defendant's petition.

We affirm.