## HENSLEY v. MUNICIPAL COURT, SAN JOSE-MILPITAS JUDICIAL DISTRICT, SANTA CLARA COUNTY

No. 71-1428.   Argued January 15, 1973—Decided April 18, 1973

BRENNAN, J., delivered the opinion of the Court, in which DOUGLAS, STEWART, WHITE, and MARSHALL, JJ., joined. BLACKMUN, J., filed an opinion concurring in the result, *post*, p. 353. REHNQUIST, J., filed a dissenting opinion, in which BURGER, C. J., and POWELL, J., joined, *post*, p. 354.

*Stanley A. Bass* argued the cause for petitioner.   With him on the brief were *Jack Greenberg* and *Peter R. Stromer*.

*Dennis Alan Lempert* argued the cause for respondent. With him on the brief was *Louis P. Bergna*.

MR. JUSTICE BRENNAN delivered the opinion of the Court.

This case requires us to determine whether a person released on his own recognizance is "in custody" within the meaning of the federal habeas corpus statute, 28 U. S. C. §§ 2241 (c)(3), 2254 (a).   See *Peyton* v. *Rowe*, 391 U. S. 54 (1968); *Carafas* v. *LaVallee*, 391 U. S. 234 (1968); *Jones* v. *Cunningham*, 371 U. S. 236 (1963). Petitioner initiated this action in the United States District Court for the Northern District of California, challenging a state court conviction on First and Fourteenth

Amendment grounds. The court denied relief, holding that since the petitioner was enlarged on his own recognizance pending execution of sentence, he was not yet "in custody" for purposes of the habeas corpus statute. The Court of Appeals for the Ninth Circuit agreed that release on one's own recognizance is not sufficient custody to confer jurisdiction on the District Court, and affirmed the judgment. 453 F. 2d 1252 (1972).[1] We granted certiorari, 409 U. S. 840 (1972), and we reverse.

Convicted of a misdemeanor in California Municipal Court for violation of § 29007 of the California Education Code,[2] petitioner was sentenced to serve one year in jail and pay a fine of $625. He appealed his conviction unsuccessfully to the Appellate Department of the Superior Court, and his efforts to have the conviction set aside on state court collateral attack have proved equally unavailing. It appears that petitioner exhausted all available state court remedies prior to filing this petition for federal habeas corpus. See 28 U. S. C. § 2254 (b).[3]

---

[1] The Court of Appeals concluded that the question was controlled by a prior decision of the same court, *Matysek* v. *United States,* 339 F. 2d 389 (1964).

[2] Petitioner was convicted of awarding Doctor of Divinity degrees without obtaining the necessary accreditation. He defended the charge on the grounds that he is the chief presiding officer of a bona fide church, that his church has awarded honorary Doctor of Divinity certificates to persons who have completed a course of instruction in the church's principles, and that state interference with this practice *is an unconstitutional restraint on the free exercise of his religious* beliefs.

[3] There is a substantial question whether petitioner has forfeited the right to raise his First and Fourteenth Amendment challenge to the state court conviction by deliberately bypassing an opportunity to raise the claim in the state courts. See *Fay* v. *Noia,* 372 U. S. 391 (1963). Respondent maintains that petitioner deliberately absented himself from trial following the close of the prosecution's case, with

At all times since his conviction petitioner has been enlarged on his own recognizance. While pursuing his state court remedies he remained at large under an order of the state trial court staying execution of his sentence. And the state trial court extended its stay, even after the Supreme Court of California declined to hear his application for postconviction relief, apparently to permit petitioner to remain at large while seeking habeas corpus in the United States District Court. Pending appeal from the District Court's denial of relief, an application for extension of the state court stay was granted by Mr. Justice Black, as Acting Circuit Justice, on August 12, 1970, and extended by MR. JUSTICE DOUGLAS, as Circuit Justice, on August 20, 1970, and again on September 9, 1970.[4] The Court of Appeals affirmed the denial of habeas corpus, but granted a 30-day stay of its mandate pending application for certiorari. That stay was extended by MR. JUSTICE DOUGLAS, as Circuit Justice, on March 20, 1972, and it is pursuant to his order that petitioner remains at large at the present time.

---

full knowledge that the trial would continue in his absence. He thereby relinquished, respondent contends, the right to defend himself and present evidence on his behalf. Petitioner argues in response that trial counsel failed to advise him of the reopening of trial and failed to warn him that absence from trial would lead to conviction. Accordingly, he asserts that he should not be held to have knowingly and intelligently bypassed an available state procedure. The record on·this point is more than a little obscure, and we express no opinion on the question beyond noting that the issue was not considered, much less resolved, by either of the courts below, and it is not in any sense presented for our decision.

[4] In his Motion for Stay, filed in this Court on August 11, 1970, and addressed to the Circuit Justice of the Ninth Circuit, petitioner explained that the "Stay of Execution granted by the Trial Court is scheduled to expire on August 12, 1970, at which time petitioner has been ordered to surrender himself to the Sheriff of Santa Clara County for immediate incarceration." Motion for Stay 2.

The California Penal Code provides that any court that may release a defendant upon his giving bail may release him on his own recognizance, provided he agrees in writing that:

> "(a) He will appear at all times and places as ordered by the court or magistrate releasing him and as ordered by any court in which, or any magistrate before whom, the charge is subsequently pending.
>
> "(b) If he fails to so appear and is apprehended outside of the State of California, he waives extradition.
>
> "(c) Any court or magistrate of competent jurisdiction may revoke the order of release and either return him to custody or require that he give bail or other assurance of his appearance . . . ." Cal. Penal Code § 1318.4.

A defendant is subject to re-arrest if he fails to appear as agreed, *id.*, § 1318.8 (a), and a willful failure to appear is itself a criminal offense. *Id.*, § 1319.6. We assume that these statutory conditions have been imposed on petitioner at all times since the state trial court stayed execution of his sentence.

The question presented for our decision is a narrow one: namely, whether the conditions imposed on petitioner as the price of his release constitute "custody" as that term is used in the habeas corpus statute. Respondent contends that the conditions imposed on petitioner are significantly less restrictive than those imposed on the petitioner in *Jones* v. *Cunningham,* 371 U. S. 236 (1963), where we held that a person released on parole is "in custody" for purposes of the district courts' habeas corpus jurisdiction. It is true, of course, that the parolee is generally subject to greater restrictions on his liberty of movement than a person released on bail or his own recognizance. And some lower courts have reasoned

that this difference precludes an extension of the writ in cases such as the one before us.[5] On the other hand, a substantial number of courts, perhaps a majority, have concluded that a person released on bail or on his own recognizance may be "in custody" within the meaning of the statute.[6] In view of the analysis, which led to a finding of custody in *Jones* v. *Cunningham, supra,* we conclude that this latter line of cases reflects the sounder view.

While the "rhetoric celebrating habeas corpus has changed little over the centuries," [7] it is nevertheless true that the functions of the writ have undergone dramatic change. Our recent decisions have reasoned from the premise that habeas corpus is not "a static, narrow, formalistic remedy," *Jones* v. *Cunningham, supra,* at 243,

---

[5] See, *e. g., United States ex rel. Meyer* v. *Weil,* 458 F. 2d 1068 (CA7 1972); *Allen* v. *United States,* 349 F. 2d 362 (CA1 1965); *Application of Jackson,* 338 F. Supp. 1225 (WD Tenn. 1971); *United States ex rel. Granello* v. *Krueger,* 306 F. Supp. 1046 (EDNY 1969); *Moss* v. *Maryland,* 272 F. Supp. 371 (Md. 1967).

[6] See, *e. g., Capler* v. *City of Greenville,* 422 F. 2d 299, 301 (CA5 1970); *Marden* v. *Purdy,* 409 F. 2d 784, 785 (CA5 1969); *Beck* v. *Winters,* 407 F. 2d 125, 126–127 (CA8 1969); *Burris* v. *Ryan,* 397 F. 2d 553, 555 (CA7 1968); *United States ex rel. Smith* v. *DiBella,* 314 F. Supp. 446 (Conn. 1970); *Ouletta* v. *Sarver,* 307 F. Supp. 1099, 1101 n. 1 (ED Ark. 1970), aff'd, 428 F. 2d 804 (CA8 1970); *Cantillon* v. *Superior Court,* 305 F. Supp. 304, 306–307 (CD Cal. 1969); *Matzner* v. *Davenport,* 288 F. Supp. 636, 638 n. 1 (NJ 1968), aff'd, 410 F. 2d 1376 (CA3 1969); *Nash* v. *Purdy,* 283 F. Supp. 837, 838–839 (SD Fla. 1968); *Duncombe* v. *New York,* 267 F. Supp. 103, 109 n. 9 (SDNY 1967); *Foster* v. *Gilbert,* 264 F. Supp. 209, 211–212 (SD Fla. 1967). In addition, the Supreme Court of California has concluded that release on one's own recognizance under the laws of that State imposes "sufficient constructive custody" to permit an application for writ of habeas corpus. *In re Smiley,* 66 Cal. 2d 606, 613, 427 P. 2d 179, 183 (1967).

[7] Note, Developments in the Law—Federal Habeas Corpus, 83 Harv. L. Rev. 1038, 1040 (1970).

but one which must retain the "ability to cut through barriers of form and procedural mazes." *Harris* v. *Nelson,* 394 U. S. 286, 291 (1969). See *Frank* v. *Mangum,* 237 U. S. 309, 346 (1915) (Holmes, J., dissenting). "The very nature of the writ demands that it be administered with the initiative and flexibility essential to insure that miscarriages of justice within its reach are surfaced and corrected." *Harris* v. *Nelson, supra,* at 291.

Thus, we have consistently rejected interpretations of the habeas corpus statute that would suffocate the writ in stifling formalisms or hobble its effectiveness with the manacles of arcane and scholastic procedural requirements. The demand for speed, flexibility, and simplicity is clearly evident in our decisions concerning the exhaustion doctrine, *Fay* v. *Noia,* 372 U. S. 391 (1963); *Brown* v. *Allen,* 344 U. S. 443 (1953); the criteria for relitigation of factual questions, *Townsend* v. *Sain,* 372 U. S. 293 (1963); the prematurity doctrine, *Peyton* v. *Rowe,* 391 U. S. 54 (1968); the choice of forum, *Braden* v. *30th Judicial Circuit Court of Ky.,* 410 U. S. 484 (1973); *Strait* v. *Laird,* 406 U. S. 341 (1972); and the procedural requirements of a habeas corpus hearing, *Harris* v. *Nelson, supra.* That same theme has indelibly marked our construction of the statute's custody requirement. See *Strait* v. *Laird, supra; Peyton* v. *Rowe, supra; Carafas* v. *LaVallee,* 391 U. S. 234 (1968); *Walker* v. *Wainwright,* 390 U. S. 335 (1968); *Jones* v. *Cunningham, supra.*[8]

---

[8] Insofar as former decisions, *Stallings* v. *Splain,* 253 U. S. 339 (1920); *Johnson* v. *Hoy,* 227 U. S. 245 (1913); *Baker* v. *Grice,* 169 U. S. 284 (1898); *Wales* v. *Whitney,* 114 U. S. 564 (1885), may indicate a narrower reading of the custody requirement, they may no longer be deemed controlling. In none of the decisions on which we today rely, *Strait* v. *Laird, supra; Peyton* v. *Rowe, supra; Carafas* v. *LaVallee, supra; Jones* v. *Cunningham, supra,* are these earlier cases even cited in the opinions of the Court.

The custody requirement of the habeas corpus statute is designed to preserve the writ of habeas corpus as a remedy for severe restraints on individual liberty. Since habeas corpus is an extraordinary remedy whose operation is to a large extent uninhibited by traditional rules of finality and federalism, its use has been limited to cases of special urgency, leaving more conventional remedies for cases in which the restraints on liberty are neither severe nor immediate. Applying that principle, we can only conclude that petitioner is in custody for purposes of the habeas corpus statute. First, he is subject to restraints "not shared by the public generally," *Jones* v. *Cunningham, supra,* at 240: that is, the obligation to appear "at all times and places as ordered" by "[a]ny court or magistrate of competent jurisdiction." Cal. Penal Code §§ 1318.4 (a), 1318.4 (c). He cannot come and go as he pleases. His freedom of movement rests in the hands of state judicial officers, who may demand his presence at any time and without a moment's notice. Disobedience is itself a criminal offense. The restraint on his liberty is surely no less severe than the conditions imposed on the unattached reserve officer whom we held to be "in custody" in *Strait* v. *Laird, supra.*[9]

Second, petitioner remains at large only by the grace of a stay entered first by the state trial court and then extended by two Justices of this Court. The State has emphatically indicated its determination to put him behind bars, and the State has taken every possible step to secure that result. His incarceration is not, in other

---

[9] Similarly, in *Braden* v. *30th Judicial Circuit Court of Ky.,* 410 U. S. 484 (1973), where the Commonwealth of Kentucky had lodged a detainer against a prisoner in an Alabama jail, we held that the petitioner was in the custody of Kentucky officials for purposes of his habeas corpus action.

words, a speculative possibility that depends on a number of contingencies over which he has no control. This is not a case where the unfolding of events may render the entire controversy academic. The petitioner has been forced to fend off the state authorities by means of a stay, and those authorities retain the determination and the power to seize him as soon as the obstacle of the stay is removed. The need to keep the stay in force is itself an unusual and substantial impairment of his liberty.

Moreover, our conclusion that the petitioner is presently in custody does not interfere with any significant interest of the State. Indeed, even if we were to accept respondent's argument that petitioner is not in custody, that result would do no more than postpone this habeas corpus action until petitioner had begun service of his sentence.[10] It would still remain open to the District Court to order petitioner's release pending consideration of his habeas corpus claim. *In re Shuttlesworth,* 369 U. S. 35 (1962). Even if petitioner remained in jail only long enough to have his petition filed in the District Court, his release by order of the District Court would not jeopardize his "custody" for purposes of a habeas corpus action. *Carafas* v. *LaVallee, supra.*[11] Plainly,

---

[10] By contrast, a finding of no "custody" in *Carafas* v. *LaVallee, supra,* would not merely have postponed the exercise of habeas corpus jurisdiction, but would have barred it altogether. Similarly, if we had held in *Jones* v. *Cunningham, supra,* that a parolee is not in custody, then habeas corpus jurisdiction could not have been exercised until such time as release on parole was revoked. Cf. *Peyton* v. *Rowe, supra.*

[11] See *United States ex rel. Pon* v. *Esperdy,* 296 F. Supp. 726 (SDNY 1969); *Goldberg* v. *Hendrick,* 254 F. Supp. 286, 288–289 (ED Pa. 1966).

we would badly serve the purposes and the history of the writ to hold that under these circumstances the petitioner's failure to spend even 10 minutes in jail is enough to deprive the District Court of power to hear his constitutional claim.

Finally, we emphasize that our decision does not open the doors of the district courts to the habeas corpus petitions of all persons released on bail or on their own recognizance. We are concerned here with a petitioner who has been convicted in state court and who has apparently exhausted all available state court opportunities to have that conviction set aside. Where a state defendant is released on bail or on his own recognizance pending trial or pending appeal, he must still contend with the requirements of the exhaustion doctrine if he seeks habeas corpus relief in the federal courts. Nothing in today's opinion alters the application of that doctrine to such a defendant.

Since the Court of Appeals erroneously concluded that petitioner was not "in custody" at the time his petition was filed, its judgment is reversed and the case is remanded to the District Court to consider his petition for a writ of habeas corpus.

*Reversed and remanded.*

MR. JUSTICE BLACKMUN, concurring in the result.

I emphasize again, as I did in my separate concurrence in *Braden* v. *30th Judicial Circuit Court of Ky.*, 410 U. S. 484, 501 (1973), that the Court has wandered a long way down the road in expanding traditional notions of habeas corpus. Indeed, the Court now concedes this. *Ante,* at 349. The present case is yet another step. Although recognizing that the custody requirement is designed to preserve the writ as a remedy for *severe* restraints on

individual liberty, *ante*, at 351, the Court seems now to equate custody with almost any restraint, however tenuous. One wonders where the end is. Nevertheless, in the light of cases already decided by the Court, I feel compelled to go along and therefore concur in the result.

MR. JUSTICE REHNQUIST, with whom THE CHIEF JUSTICE and MR. JUSTICE POWELL join, dissenting.

The issue in this case is whether petitioner was in "custody," within the meaning of 28 U. S. C. § 2241, entitling him to the benefit of the extraordinary writ of habeas corpus. The Court of Appeals for the Ninth Circuit unanimously held that he was neither in actual nor constructive custody. If there is any vestige left of the obvious and the original meaning of "custody" the court below was right and the majority opinion of this Court today has further stretched both the letter and the rationale of the statute.

Petitioner has been free on his own recognizance since his conviction and the imposition of sentence in the summer of 1969. The California statute authorizing his release imposes no territorial or supervisory limitations and he has been subject to none. He has not been required to post any security for his appearance. At the time of the filing of his federal habeas petition, the only conceivable restraint on him was that at the time of the expiration of the stay granted by the state court, petitioner would have had to surrender himself to the custody of the sheriff. The record shows that for the three and one-half years since his conviction, petitioner has utilized his freedom to travel both within and without the State of California for business purposes.

Petitioner was under no greater restriction than one who had been subpoenaed to testify in court as a witness.

This is simply not "custody" in any known sense of the word, and it surely is not what was meant by Congress when it enacted 28 U. S. C. § 2241. The Court apparently feels, like Faust, that it has in its previous decisions already made its bargain with the devil, and it does not shy from this final step in the rewriting of the statute. I cannot agree, and I therefore dissent.