**Fred Dean MANNING, Petitioner,**

v.

**Gale JARNIGAN, etc., et al., Respondents.**

**Civ. A. No. 3020.**

United States District Court, E. D. Tennessee, Northeastern Division.

Dec. 20, 1974.

R. Price Nimmo, and Dale Quillen, Nashville, Tenn., for petitioner.

Alex B. Shipley, Jr., Asst. Atty. Gen., State of Tenn., Nashville, Tenn. and Heiskell Winstead, Dist. Atty. Gen., Rogersville, Tenn., for respondents.

## MEMORANDUM OPINION

NEESE, District Judge.

On reversal and remand therefor, Manning v. Jarnigan, Sheriff, majority opinion of the United States Court of Appeals for the Sixth Circuit, 501 F.2d 408, 1974, an evidentiary hearing was conducted herein on December 17, 1974. It was agreed by Court and counsel at the outset of such hearing that the state court record, exhibited herein, is ample for a resolution of all the issues posed by such appellate opinion, except the factual issues:

(1) Was the petitioner Mr. Manning free to leave at any time prior to the search after the police officer flashed his spotlight on Mr. Manning's car?

(2) Was Mr. Manning's consent to search his automobile freely and voluntarily given?

(3) Did Mr. Manning know at the time of the search that he did not have to agree to a search?

The only witness offered was Mr. Joel K. Seals, a Morristown, Tennessee policeman, who was one of the officers who arrested Mr. Manning.

From such testimony and the entire record, this Court finds that Mr. Manning was not free to leave their custody any time after the arresting officers stopped him without a warrant in his automobile by use of a spotlight. Mr. Seals testified that the Manning vehicle was not stopped by the arresting officers for any alleged violation of any law; that neither of the arresting officers had any information of any violation of the law by Mr. Manning, or that the vehicle he was operating had been utilized in a violation of any law; that he and other Morristown police officers were under the general orders of their superior to stop any vehicle in the residential areas of that community where burglaries had been occurring late in the evening or early in the morning, if the vehicles appeared "suspicious"; and, that the only suspicious behavior noted by the arresting officers on this occasion was that Mr. Manning's vehicle was moving in a 30-mile-per-hour speed zone at 4:00 o'clock, a. m. in a residential area at the rate of about 20-miles-per-hour.[1]

The Court finds further that the speed of Mr. Manning's vehicle and its movement on a street in a residential area at 4:00 o'clock, a. m., constituted innocent activity. " * * * That innocent activity occurs in a high crime area provides no basis for converting innocuous conduct into suspicious conduct. (Sibron v. New York [1968], supra, 392 U.S. [40] at 62, 88 S.Ct. 1889, [20 L.Ed.2d 917, 934]) * * * ". United States v. Mallides, C.A. 9th (1973), 473 F.2d 859, 861, n. 3. Mr. Seals and his fellow officers interrupted Mr. Manning and his passenger and restricted their liberty of movement, so Mr. Manning's arrest, for purposes of this case, was then complete. Henry v. United States (1959), 361 U.S. 98, 103, 80 S.Ct. 168, 4 L.Ed.2d 134, 139 (headnote 10). " * * * The fact that afterwards contraband was discovered is not enough. An arrest is not justified by what the subsequent 'search discloses * * * ". Ibid., 361 U.S. at 103, 80 S.Ct. at 171, 4 L.Ed. 2d at 139 (headnote 11).

When Mr. Manning's vehicle was stopped unlawfully by these policemen, and his freedom to drive away was admittedly restrained by them, he was "seized" without a warrant in violation of his right under the Constitution, Fourth Amendment, to be secure in his person against unreasonable seizure in the absence of a warrant issued upon probable cause, particularly describing the person to be seized. Cf. Terry v. Ohio (1968), 392 U.S. 1, 16, 88 S.Ct. 1868, 1877, 20 L.Ed. 889, 903 [11] (relating to the seizure of a person who was stopped and restrained from walking away). The initial intrusion of these law enforcement officers, not hav-

1. Reference is made to the majority opinion in Manning v. Jarnigan, Sheriff, for a more complete recitation of the facts disclosed by the state court record.

ing been justified, the Court does not reach the question of the validity of the subsequent conduct by these policemen in making a warrantless search of Mr. Manning's automobile.[2] Coolidge v. New Hampshire (1971), 403 U.S. 443, 463, 91 S.Ct. 2022, 2036, 29 L.Ed.2d 564, 581 n. 20, discussing Chambers v. Maroney (1970), 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419. As the appellate court has stated herein:

\* \* \* \* \* \*

\* \* \* [I]n view of the deterrent purposes of the exclusionary rule (*See* United States v. Calandra, 414 U.S. 338, [94 S.Ct. 613, 38 L.Ed.2d 561] (1974), any illegal arrest must require suppression of the evidence subsequently seized as a result under the rationale of Wong Sun v. United States, 371 U.S. 471, [83 S.Ct. 407, 9 L.Ed.2d 441] (1963). *See also* Johnson v. United States, 333 U.S. 10, [68 S.Ct. 367, 92 L.Ed. 436] (1948).

\* \* \* \* \* \*

Manning v. Jarnigan, Sheriff, *supra.*

■ The evidence seized and utilized against Mr. Manning to convict him of the charge of the unlawful possession of legend drugs without a prescription in violation of T.C.A. § 52–1204, being inadmissible and subject to suppression, the petitioner is entitled to a release from the custody of the respondent under the presentment returned against him in The State v. Dean Manning, case no. 4354 in the Criminal Court of Hamblen County, Tennessee. For the reasons assigned in the opinion of Circuit Judge Celebrezze, concurring in part and dissenting in part, in Manning v. Jarnigan, Sheriff, *supra,* relating to the egregious misconduct of the prosecuting attorney, *cf.* Donnelly v. DeChristoforo (1974), 416 U.S. 637, 647, 94 S.Ct. 1868, 1873, 40 L.Ed.2d 431,

439, such misconduct made the petitioner's trial on the other presentments returned simultaneously against him so fundamentally unfair as to deny him constitutional due process. *Idem.* The petitioner accordingly is entitled to a release from the custody of the respondent under the presentments returned against him in The State v. Dean Manning, case no. 4352, and The State v. Dean Manning, case no. 4353, both in the Criminal Court of Hamblen County, Tennessee. However, the state of Tennessee is entitled to a reasonable time in which to retry Mr. Manning in the aforenumbered cases nos. 4352, 4353.

■ It having been represented to this Court that, although released under bail, Mr. Manning remains in the custody of the respondent, see Hensley v. Municipal Court (1973), 411 U.S. 345, 351–353, 93 S.Ct. 1571, 1574–1576, 36 L.Ed.2d 294, 300–301 [1], (where the habeas applicant had been released on his own recognizance), it is the decision of this Court that law and justice require that the petitioner Mr. Fred Dean Manning be released unconditionally from the custody of the respondent Mr. Gale Jarnigan (or his successor in office) as to the presentment in The State v. Dean Manning, case no. 4354 in the Criminal Court of Hamblen County, Tennessee, and that he be released from such custody, without prejudice to the state of Tennessee's rearresting the petitioner and retrying him within a reasonable time, under the respective presentments returned against him in The State v. Dean Manning, case no. 4352, in the Criminal Court of Hamblen County Tennessee, and The State v. Dean Manning, case no. 4353 in the Criminal Court of Hamblen County, Tennessee. Rule 58(1), Federal Rules of Civil Procedure.

**2.** This Court understands from the majority opinion of Circuit Judge Edwards that its findings, *supra*, render it unnecessary to consider the aforementioned factual issues denominated (2), (3), in the first paragraph hereof.