**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                                                           No. 96-7315

GERALD PARKER,
<u>Defendant-Appellant.</u>

Appeal from the United States District Court
for the Eastern District of North Carolina, at Greenville.
Terrence W. Boyle, District Judge.
(CR-94-73, CA-96-90-4-BO)

Submitted: October 29, 1996

Decided: December 17, 1996

Before WILKINS, WILLIAMS, and MOTZ, Circuit Judges.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

Gerald Parker, Appellant Pro Se. John Douglas McCullough, Assis-
tant United States Attorney, Robert Edward Skiver, Assistant United
States Attorney, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellant appeals the order of the district court dismissing as moot his motion for relief pursuant to 28 U.S.C. § 2255 (1994), amended by Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214. We vacate the district court's order and remand this action for further proceedings.

The Government argued before the district court that Appellant's motion should be dismissed as moot because Appellant was not "in custody" by virtue of a stay of execution. This argument is without merit. Appellant was subject to a sentence of imprisonment based on his conviction. However, at the time he filed his§ 2255 action, execution of his sentence was stayed pending resolution of his direct appeal.* In any event, a movant released on his own recognizance after conviction pending execution of the sentence is "in custody" for purposes of habeas corpus relief. Hensley v. Municipal Court, 411 U.S. 345, 351-52 (1973); Nakell v. Attorney Gen. , 15 F.3d 319, 323 (4th Cir. 1994), cert. denied, ___ U.S. ___, 63 U.S.L.W. 3231 (U.S. Oct. 3, 1994) (No. 94-8). Thus, the district court had jurisdiction to consider Appellant's § 2255 motion.

The Government also argued that the § 2255 action was barred because the issues raised by Appellant in his § 2255 motion were identical to those raised and rejected on direct appeal. See United States v. Parker, No. 95-5791 (4th Cir. July 10, 1996) (unpublished). However, the record does not support the Government's contention. Appellant raised the following issues on direct appeal: (1) whether the trial court erred in denying Appellant's motion to suppress the recording of a telephone conversation he had with a Government witness; (2) whether the trial court erred in denying Appellant's motion to suppress statements he made during questioning by law enforcement officers; (3) whether the trial court abused its discretion in denying Appellant's motion for a bill of particulars; (4) whether Appellant's motion for a judgment of acquittal should have been granted; (5)

_____

*This panel denied Appellant's motion to continue the stay, and Appellant has since been incarcerated.

2

whether there was a constructive amendment of the indictment; and (6) whether there was a variance between the allegations in the indictment and the evidence produced at trial. In his § 2255 motion, Appellant raised several claims that were distinct from those raised on direct appeal: (1) whether the testimony of Government witnesses was coerced; (2) whether Appellant's conviction was obtained by use of evidence obtained pursuant to an unlawful arrest; (3) whether the Government failed to disclose favorable evidence to the Defense; and (4) whether Appellant received ineffective assistance of counsel.

While the first three issues raised in Appellant's § 2255 motion may be similar to those raised on direct appeal, it is unclear from the materials before this court whether they are identical, or even based on the same facts. Moreover, Appellant's ineffective assistance of counsel claim clearly was not raised on direct appeal. Therefore, Appellant's motion cannot be dismissed wholesale based on Boeckenhapt v. United States, 537 F.2d 1182, 1183 (4th Cir.), cert. denied, 429 U.S. 863 (1976) (issues litigated on direct appeal are not subject to collateral attack absent an intervening change in the law).

Accordingly, we hold that the issues raised in Appellant's § 2255 motion were ripe for the district court's consideration. We therefore vacate the order of the district court and remand for further proceedings. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED

3