

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KAY LEWIS, | No. 13-15467 |
| Petitioner - Appellant, | D.C. No. 3:12-cv-08073-SRB |
| v. | |
| WHITE MOUNTAIN APACHE TRIBE, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the District of Arizona
Susan R. Bolton, District Judge, Presiding

Submitted September 12, 2014[**]
San Francisco, California

Before: BEA, IKUTA, and HURWITZ, Circuit Judges.

Kay Lewis appeals the district court's dismissal of his petition for a writ of

habeas corpus under 25 U.S.C. § 1303, the Indian Civil Rights Act.  We affirm.

The district court could not grant Lewis habeas relief unless he was in

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

"detention," § 1303, or its functional equivalent, "custody," *Jeffredo v. Macarro*, 599 F.3d 913, 918 (9th Cir. 2010). Custody involves "severe restraints on [a person's] individual liberty," *Hensley v. San Jose Dist. Mun. Ct.*, 411 U.S. 345, 351 (1973), including restraints that fall "outside conventional notions of physical custody," *Edmunds v. Won Bae Chang*, 509 F.2d 39, 40 (9th Cir. 1975).

The district court correctly held that the White Mountain Apache Tribe's refusal to permit Lewis to run for election to the Tribal Council was not a sufficiently severe restraint on his liberty to constitute custody. The restriction of Lewis' candidacy does not create a deprivation of liberty similar to the types of infringement on personal movement previously recognized as establishing federal habeas corpus jurisdiction. *See Hensley*, 411 U.S. at 351 (release on own recognizance with restrictions on movement); *Jones v. Cunningham*, 371 U.S. 236, 237, 241-42 (1963) (parole restrictions); *Poodry v. Tonawanda Band of Seneca Indians*, 85 F.3d 874, 879, 893-95 (2d Cir. 1996) (banishment).

The judgment of the district court is **AFFIRMED**. The Tribe's "Motion to Strike Part of Appellant's Reply Brief for Matters Not in the Record" is **DENIED**.