**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-1787
_____

JULIO CESAR ORTEGA CAMPOVERDE,

Appellant

v.

WARDEN YORK COUNTY PRISON; FIELD OFFICE DIRECTOR UNITED STATES
IMMIGRATION AND CUSTOMS ENFORCEMENT; DIRECTOR UNITED STATES
IMMIGRATION AND CUSTOMS ENFORCEMENT; SECRETARY UNITED
STATES DEPARTMENT OF HOMELAND SECURITY; ATTORNEY GENERAL
UNITED STATES OF AMERICA
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 4:20-cv-00332)
District Judge: Hon. Jennifer P. Wilson
_____

Submitted Under Third Circuit L.A.R. 34.1(a)

on December 17, 2020

Before: GREENAWAY, JR., SHWARTZ, and FUENTES, *Circuit Judges*

(Filed: July 9, 2021)
_____

_____

OPINION[*]

_____

FUENTES, *Circuit Judge*.

Julio Ortega Campoverde appeals the District Court's denial of his petition for a writ of *habeas corpus*. Ortega Campoverde claims an immigration court violated his rights under the Due Process Clause of the Fifth Amendment and Equal Protection Clause of the Fourteenth Amendment by failing to consider whether he could afford to pay the amount of his bond. Because we agree with the District Court that the immigration judge considered Ortega Campoverde's ability to pay, we will affirm the denial of his petition.

## I.

Ortega Campoverde is an Ecuadorian national who first entered the United States without inspection in 1998, and has lived here without lawful status for the last 22 years. On July 12, 2018, he was arrested in Allentown, Pennsylvania after an altercation with his wife. Ortega Campoverde was charged with two counts of simple assault and one count of harassment. He pled guilty to a single count of simple assault and was sentenced to 12 months' probation.

After his conviction, Immigration and Customs Enforcement detained Ortega Campoverde and the Department of Homeland Security (DHS) initiated removal proceedings. DHS sought to remove him because he had committed a crime involving moral turpitude,

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

and because he was present in the United States without having been admitted or paroled. At his first detention hearing, an immigration judge found his Pennsylvania simple assault conviction was a crime involving moral turpitude, subjecting him to mandatory detention under the Immigration and Nationality Act (INA).[1] Ortega Campoverde appealed this determination to the Board of Immigration Appeals (BIA) which held that his simple assault conviction was not a crime involving moral turpitude, and remanded the matter to the immigration court. DHS sought reconsideration by the BIA, but while its request was pending, Ortega Campoverde's simple assault conviction was vacated under the Pennsylvania Post-Conviction Relief Act, and he moved to remand.[2] The BIA denied reconsideration.

Ortega Campoverde subsequently sought a custody redetermination, and on November 5, 2019, an immigration judge held a bond hearing.[3] Ahead of the hearing, Ortega Campoverde submitted a declaration which extensively recited his family's financial circumstances, and included supporting documentation. It included an affidavit from his wife Maria,[4] explaining that she supports four children with learning disabilities on her income, although she also receives supplemental security income for three of them due to the

---

[1] 8 U.S.C. § 1226(c).
[2] Ortega Campoverde's Pennsylvania criminal case was remanded to the Magisterial District Court, where he pled guilty to two counts of harassment in violation of 18 Pa. Stat. and Cons. Stat. Ann. § 2709(a)(3) and two counts of summary disorderly conduct in violation of 18 Pa. Stat. and Cons. Stat. Ann. § 5503(a)(2). D. Ct. ECF No. 25-1 at 39-40. He was sentenced to probation for these offenses. D. Ct. ECF No. 25-1 at 3. Each offense was charged as a summary offense under Pennsylvania law, which carries a maximum penalty of a $1,500 fine and 90 days in jail. 34 Pa. Stat. and Cons. Stat. Ann. § 925(b)(5).
[3] *See* 8 U.S.C. § 1226(a).
[4] Maria's surname is not provided in the record of these proceedings.

severity of their autism. She attached utility bills with past due balances in the thousands of dollars, and bank statements with small negative balances.[5]

At the bond hearing, Ortega Campoverde's counsel argued that his family was in "dire financial straits," and specifically referred to their past-due utility bills.[6] The immigration court heard testimony from both Ortega Campoverde and Maria (although the testimony focused almost exclusively on the altercation between them), and ordered Ortega Campoverde released on a $10,000 bond. After this ruling, Ortega Campoverde's counsel again raised the issue of the family's "finances and the financial evidence submitted in the record," but the Immigration Judge declined to alter the bond amount.[7]

Ortega Campoverde then filed a petition for a writ of *habeas corpus* and a complaint seeking declaratory and injunctive relief in the United States District Court for the Middle District of Pennsylvania. His petition claimed his bond was imposed in violation of the Fifth Amendment's Due Process Clause and the Fourteenth Amendment's Equal Protection Clause because the immigration judge set the amount without first determining his ability to pay it, amounting to wealth-based detention. He also claimed the INA[8] required immigration courts to consider a detainee's financial circumstances or non-monetary alternative conditions of release, and sought to be released via a temporary restraining order.

---

[5] Supp. Decl. of Vanessa L. Stine Ex. L at 140-68, *Ortega Campoverde v. Doll*, No. 4:20cv-00332, 2020 WL 1233577 (M.D. Pa. Mar. 13, 2020), ECF No. 25-1.

[6] Exhibits in Support of Respondent's Br. Ex. 10 at 11, *Ortega Campoverde v. Doll*, No. 4:20-cv-00332, 2020 WL 1233577 (M.D. Pa. Mar. 13, 2020) ECF No. 19-1, (hereinafter "Bond Hr'g. Tr.").

[7] Bond Hr'g. Tr. at 39.

[8] 8 U.S.C. § 1226(a) (authorizing detention of certain aliens).

The District Court consolidated the temporary restraining order motion with his petition, and after hearing oral argument, denied the petition on the merits.[9] It found that the immigration judge had considered Ortega Campoverde's ability to pay at his bond hearing, and thus his arguments amounted to claims the court had not given sufficient consideration to his ability to pay. His challenge was therefore a challenge to a discretionary bond decision, which the District Court concluded it did not have jurisdiction to hear under the INA.[10] It further found that because the immigration judge had in fact considered his ability to pay, Ortega Campoverde did not have Article III standing to press his claims.[11]

Ortega Campoverde was later able to contract with a private company that advanced his bond amount, and he was released from detention under his original bond terms in March 2020.

## II.[12]

While we conclude that the District Court erred in finding Ortega Campoverde lacked standing, we affirm its determination that the INA deprives this Court of jurisdiction

---

[9] *Ortega Campoverde v. Doll*, No. 4:20-cv-00332, 2020 WL 1233577 at *1 (M.D. Pa. Mar. 13, 2020).

[10] *Id.* (citing 8 U.S.C. §§ 1252(a)(2)(B)(ii), 1226(e)).

[11] *Id.* at *8. The District Court further found that Ortega Campoverde was not required to exhaust his administrative remedies before seeking a writ of *habeas corpus* and that he properly bore the burden at his detention hearing. *Id.* at * 10. Ortega Campoverde does not challenge these determinations on appeal.

[12] The District Court had jurisdiction over this *habeas corpus* petition under 28 U.S.C. § 2241(a). We have appellate jurisdiction under 28 U.S.C. §§ 2253(a), 1291.

to consider the substance of the claim. Our review is plenary as to the District Court's conclusions of law.[13]

## A.

We first consider the District Court's finding that the immigration judge considered Ortega Campoverde's ability to pay when setting bond. This decision was central to the District Court's standing and jurisdictional analysis. As he did before the District Court, on appeal Ortega Campoverde contends the immigration judge did not consider his ability to pay when setting his bond. He argues that there is insufficient evidence to conclude that the immigration judge considered his ability to pay because she did not ask him any questions regarding his financial circumstances at his bond hearing, or specifically mention his ability to pay in rendering her decision.

Our precedent does not require an immigration judge to "expressly parse or refute on the record each individual argument or piece of evidence" in reaching a decision.[14] Where an immigration court "provide[s] an indication that it considered" the relevant evidence or argument, that is sufficient.[15] The immigration court clearly indicated that it considered Ortega Campoverde's financial circumstances. It had before it the extensive record of Ortega Campoverde's financial circumstances and heard counsel's express discussion of his family's "dire financial straits." These indicia lead only to the conclusion that the

---

[13] *Bruce v. Warden Lewisburg USP*, 868 F.3d 170, 183 (3d Cir. 2017); *Cradle v. United States ex rel. Miner*, 290 F.3d 536, 538 (3d Cir. 2002).
[14] *Zheng v. Att'y Gen.*, 549 F.3d 260, 268 (3d Cir. 2008) (quoting *Wang v. BIA*, 437 F.3d 270, 275 (2d Cir. 2006)).
[15] *Zhu v. Att'y Gen.*, 744 F.3d 268, 272 (3d Cir. 2014).

immigration court did consider his ability to pay when setting the bond amount. While the immigration judge made only conclusory references to considering the entirety of the record before her, the record as a whole indicates she considered Ortega Campoverde's ability to pay a bond.

**B.**

We reach a different conclusion concerning the District Court's standing analysis. The District Court reasoned that because the immigration judge had considered Ortega Campoverde's ability to pay a bond, he had not suffered "a concrete and particularized injury" and so lacked standing.[16] Because part of Ortega Campoverde's claim was premised on the notion that the immigration court did not consider his ability to pay, the District Court held he had already received the hearing he claimed he was entitled to, and therefore had not suffered an Article III injury.

This misreads Ortega Campoverde's claimed injury. In order to bring his petition in the first place, Ortega Campoverde had to claim he was "in custody in violation of the Constitution or laws or treaties of the United States."[17] To be "in custody," Ortega Campoverde merely had to demonstrate that he was subject to restraints not shared by the public generally, which were allegedly unlawful.[18] Here, he is subject to the conditions of his bond, which he claims were imposed in violation of the Constitution and the INA. While he may not be entitled to relief for other reasons, he has certainly demonstrated the presence

---

[16] *Ortega Campoverde*, 2020 WL 1233577, at *8.

[17] 29 U.S.C. § 2241(c)(3).

[18] *Leyva v. Williams*, 504 F.3d 357, 363 (3d Cir. 2007); *see also Hensley v. Municipal Court*, 411 U.S. 345, 349 (1973).

7

of "an invasion of a legally protected interest which is (a) concrete and particularized; and (b) actual or imminent, not conjectural or hypothetical."[19] Ortega Campoverde has a sufficient injury in fact for Article III standing.[20]

## C.

Although Ortega Campoverde has standing, we agree with the District Court that the INA deprives courts of jurisdiction to consider his claims.

In two sections, the INA significantly curtails the scope of judicial review. In the same section authorizing the detention or release on bond of certain noncitizens, the INA states that the Attorney General's "discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole."[21] Another section titled "[m]atters not subject to judicial review," states that

> [n]otwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, . . . and regardless of whether the judgment, decision, or action is made in removal proceedings, no court shall have jurisdiction to review-- . . . any . . . decision or action of the Attorney General or the Department of Homeland Security the authority for which is specified under this subchapter to be in

---

[19] *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992) (citations and internal quotation marks omitted).

[20] Because it found Ortega Campoverde did not have an injury in fact, the District Court did not address the other elements of Article III standing: that the injury be fairly traceable to the challenged conduct and is likely to be redressed by a favorable decision. *Id.* at 560-61. We find Ortega Campoverde has satisfied each of these elements as he remains subject to the same bond and seeks an order from this Court modifying it.

[21] 8 U.S.C. § 1226(e).

the discretion of the Attorney General or the Secretary of Homeland Security.[22]

Despite their broad language, these provisions permit courts to entertain certain challenges to the scope of an immigration court's discretion. Courts may still review whether an exercise of discretionary judgment was constrained by the Constitution or statute.[23] But where an immigration court merely exercises its discretion to choose between permissible outcomes, this Court may not review the choice. Thus, for Ortega Campoverde, this Court's jurisdiction turns on whether he can demonstrate that the immigration court acted within its discretion.

Ortega Campoverde cannot do so here. His only argument is that the immigration court acted beyond its permissible discretion because "the Constitution and [8 U.S.C.] § 1226(a) required the [immigration court] to consider ability to pay or alternative conditions of release," and its failure to do so was unlawful.[24] But we agree with the District Court that the immigration court did consider Ortega Campoverde's ability to pay when setting bond. Therefore, we also agree with the District Court's conclusion that even under Ortega Campoverde's construction of the constitutional and statutory requirements for bond hearings, a grant of relief here "would amount to a determination that the immigration judge had not given adequate consideration to his ability to pay."[25] As this claim challenges

---

[22] 8 U.S.C. § 1252(a)(2)(B)(ii).

[23] *Jennings v. Rodriguez*, 138 S. Ct. 830, 841 (2018).

[24] Appellant Br. at 23.

[25] *Ortega Campoverde*, 2020 WL 1233577, at *7.

a permissible exercise of the immigration court's discretion, we lack jurisdiction to review the bond determination.

## III.

For the foregoing reasons, we will affirm the District Court's order denying the petition.[26]

---

[26] To the extent that Ortega Campoverde asserts the statute is defective because it does not require consideration of ability to pay, we would have jurisdiction over such a claim but it still does not provide a basis for relief since the IJ in fact considered his ability to pay.