In the
# United States Court of Appeals
## For the Seventh Circuit

No. 24-2980

MITCHELL D. GREEN,

*Petitioner-Appellant,*

*v.*

MILWAUKEE COUNTY CIRCUIT COURT,

*Respondent-Appellee.*

Appeal from the United States District Court
for the Eastern District of Wisconsin.
No. 24-CV-295 — **William E. Duffin**, *Magistrate Judge.*

ARGUED APRIL 15, 2025 — DECIDED AUGUST 1, 2025

Before EASTERBROOK, KOLAR, and MALDONADO, *Circuit Judges.*

EASTERBROOK, *Circuit Judge.* Mitchell Green was charged in Milwaukee County Circuit Court with trafficking a child and other related offenses. See Wis. Stat. §948.051(1). The case proceeded to a jury trial on January 27, 2020. Midway through trial the judge declared a mistrial, finding that Green had failed to give pretrial notice of his first witness's testimony. Green is on bond awaiting retrial and brings this collateral

attack. See 28 U.S.C. §2241. He argues that retrial would violate his constitutional right against double jeopardy.

At trial the principal evidence against Green was the minor's testimony that he had driven her to a hotel, where he forced her to engage in a sex act. As his first witness, Green called his cousin, coincidentally named Jonathan Cousin. Cousin testified that he—not Green—had driven the minor to the hotel, though he did not know the purpose of the drive. Cousin was on Green's witness list five months before trial and named on the record at the start of trial. The state did not object to Cousin's testimony and proceeded to cross-examine him. It wasn't until after a lunch break that the prosecuting attorney objected.

The prosecutor argued that *State v. Denny*, 120 Wis. 2d 614 (App. 1984), required Green to give pretrial notice that Cousin would testify as a "*Denny* witness." A "*Denny* witness" is someone who testifies that they rather than the defendant committed the crime. In response, the court declared a mistrial. Over Green's objection, the judge reasoned that Cousin's testimony was *Denny* evidence that required notice and a hearing on admissibility before Cousin testified. The judge deemed the lack of notice a "bell" that was "impossible to unring" with curative jury instructions.

After the mistrial, Green filed a motion to dismiss. The trial court denied the motion. The Court of Appeals of Wisconsin entertained an interlocutory appeal and held that the mistrial was erroneous. 2022 WI App 19 (March 22, 2022) (unpublished). The Supreme Court of Wisconsin ultimately sided with the trial judge, finding that he exercised sound discretion when he determined that a mistrial was manifestly necessary. 2023 WI 57 (June 29, 2023). Green then filed this collateral

attack. The district court denied relief, 2024 U.S. Dist. LEXIS 174289 (E.D. Wis. Sept. 25, 2024), which brings us to this appeal.

Green filed his petition for a writ of habeas corpus under §2241. Using this provision is proper because Green argues that he is "in custody in violation of the Constitution", 28 U.S.C. §2241(c)(3), rather than in custody because of an unconstitutional conviction or sentence, §2254(a). Though federal courts generally do not interfere with state judicial processes before trial and conviction, pretrial relief is available in "special circumstances requiring immediate action." *Ex parte Royall*, 117 U.S. 241, 251–53 (1886); Randy Hertz & James S. Liebman, 1 *Federal Habeas Corpus Practice and Procedure* §5.3 & n.6 (2024) (identifying double jeopardy as a special circumstance).

Green is on a $1500 bond. The Supreme Court has interpreted the "in custody" requirement to include people such as Green who are subject to the terms of a bond or the undertakings of recognizance. *Justices of Boston Municipal Court v. Lydon*, 466 U.S. 294, 300–01 (1984); *Lefkowitz v. Newsome*, 420 U.S. 283, 286 n.2, 291 n.8 (1975); *Hensley v. Municipal Court*, 411 U.S. 345 (1973). Unlike Green, the petitioners in *Lydon*, *Newsome*, and *Hensley* had been convicted before being released on bond or their own recognizance. The Supreme Court's reasoning does not hinge on this distinction after *Lydon*. *Lydon*'s conviction had been vacated, so his release on personal recognizance was pretrial. 466 U.S. at 337–38 (O'Connor, J., concurring in the judgment). The Court emphasized that pretrial review would remain rare, however, because a petitioner "released on bail or on his own recognizance pending trial …

must still contend with the requirements of the exhaustion doctrine". *Id.* at 301–02 (quoting *Hensley*, 411 U.S. at 353).

It follows that Green is "in custody" within the meaning of §2241(c)(3). The court's control over his release conditions impinges on his "unconditional freedom". Wis. Stat. §§ 946.49, 969.08; *Reimnitz v. State's Attorney of Cook County*, 761 F.2d 405, 408–09 (7th Cir. 1985). These restraints are "custody" under *Lydon*. 466 U.S. at 300–01.

The Attorney General of Wisconsin argues that *Younger v. Harris*, 401 U.S. 37 (1971), requires the federal judiciary to abstain. *Younger* abstention is not appropriate, however. *Younger* dealt with an attempt to enjoin a state criminal prosecution through 42 U.S.C. §1983. The resulting abstention doctrine addresses how federal judges ought to handle civil litigation that might interfere with state criminal prosecutions. Nothing in *Younger* suggests that the same policy should apply to collateral attacks under §2241 or §2254.

*Younger* holds that complainants must present their arguments to the state criminal courts initially. Green did, and the Supreme Court of Wisconsin rejected his double jeopardy argument on the merits. This satisfies both the goal of *Younger* and the exhaustion requirement for federal collateral review.

Now to the merits. Retrial following a mistrial declared over a defendant's objection is proper only if the mistrial was supported by "manifest necessity". *Arizona v. Washington*, 434 U.S. 497 (1978). If a mistrial is declared without "manifest necessity", then retrial would violate the Double Jeopardy Clause. Before ordering a mistrial, a judge must exercise "sound discretion" and consider the interest of the defendant in being tried by the current jury, which might already be

favorable to him. *Id.* at 514. Often this involves adequately weighing alternatives to a mistrial, such as a continuance. See *Illinois v. Somerville*, 410 U.S. 458, 465–66 (1973). See also *Lovinger v. Circuit Court of the 19th Judicial Circuit*, 845 F.2d 739, 745 (7th Cir. 1988); *United States v. Fisher*, 624 F.3d 713, 721–22 (5th Cir. 2010) (collecting cases). A failure to consider alternatives is not a constitutional error so long as adequate justification is provided by the trial judge. *Camden v. Circuit Court of Second Judicial Circuit*, 892 F.2d 610, 614 (7th Cir. 1989).

The state argues, and the Supreme Court of Wisconsin found, that the trial judge exercised discretion soundly. He considered whether a curative instruction would remedy the unnoticed testimony. But the trial judge's assessment rested on the assumption that *Denny* requires pretrial notice.

*Denny* establishes an admissibility standard, *State v. Wilson*, 2015 WI 48 (May 12, 2015), not a notice requirement. *Denny* does not say *when* the defense must meet this evidentiary threshold. We cannot find a pretrial-notice requirement that was in effect before Green's trial (or today, for that matter). Apparently neither could the Attorney General of Wisconsin, the trial judge, the Court of Appeals of Wisconsin, the Supreme Court of Wisconsin, or the district court in this collateral attack. Such a requirement might come from a statute, rule, or judicial decision, but no one has pointed to any of these sources, and our own search did not reveal one. By relying on a mistake about what the law requires, the trial court failed to exercise sound discretion. *Bakov v. Consolidated World Travel, Inc.*, 68 F.4th 1053, 1056 (7th Cir. 2023); *United States v. Mietus*, 237 F.3d 866, 870 (7th Cir. 2001).

The district court thought that the Supreme Court of Wisconsin's opinion endorses the trial judge's determination that

Green needed to disclose *Denny* evidence before trial. But the Supreme Court found it was "reasonable" for the trial judge to declare a mistrial, without addressing whether Wisconsin law requires pretrial disclosure. See 2023 WI 57, ¶¶ 27, 34–39.

The state's Supreme Court appeared to rely on a procedural quirk: The day of trial, the case had been "spun" or assigned to a new judge, as is common in Milwaukee County when a judge has multiple trials scheduled at once. The prosecution had filed a motion in limine some five months before trial, seeking to exclude "other-acts evidence involving a third-party perpetrator, unless and until defendant satisfies his burden and such evidence is ruled admissible by the court". Though neither judge ultimately ruled on the motion, the Supreme Court stated that "it was not unreasonable for [the trial judge] to presume [the previous judge] had granted the motion". *Id.* at ¶38. Yet we do not understand how "manifest necessity" can be established by presuming something contrary to fact. It is never "necessary" (let alone "manifestly" so) for a judge to impose on the defense, in mid-trial, a requirement that cannot be found in a statute, rule, judicial opinion, or case-specific order.

Lawyers commonly discuss *Denny* evidence before trial. As the district court observed, Wisconsin's case law often mentions pretrial admissibility hearings concerning *Denny* evidence. 2024 U.S. Dist. LEXIS 174289 at *6 (collecting cases). The motion in limine that the prosecutor filed is one way to seek notice. The prosecutor could have reminded the judge that the motion remained pending. The prosecutor also could have made a discovery demand. But none of these things happened. Defense counsel need not comply with rulings never made.

So where was the "manifest necessity" to end the trial? The jury did not hear inadmissible testimony. In preparing for a second trial, the same judge ruled that Cousin's testimony is admissible under *Denny*. Nor did Green fail to disclose a witness. Green notified the state five months earlier that he intended to call Cousin.

Even if there was an error that necessitated correction, the trial judge did not sufficiently consider reasonable alternatives or the effect of a mistrial on Green, who very well may have had the jury's favor. The judge considered and rejected the possibility of a curative jury instruction. The judge overlooked another alternative to mistrial, one used often in trial practice: dismissing the jury for the day, giving the state a chance to prepare, holding a hearing on the admissibility of Cousin's testimony the next morning, and if necessary giving the prosecutor more time to assemble rebuttal evidence. Because Cousin's testimony was admissible, a mistrial could have been avoided. Even now, the prosecution does not argue that a lack of pretrial notice affected its cross-examination of Cousin. A second trial therefore would be identical to the first. This means that there was utterly no reason to stop the first trial, let alone manifest necessity to do so.

The district court and the parties make much of the standard of review on appeal, and the state argues that we should afford the same deference to the Supreme Court of Wisconsin as we would if Green had been convicted and filed his collateral attack under 28 U.S.C. §2254(d)(1). But the additional standards imposed by §2254(d) do not apply to a petition under §2241. See *Felker v. Turpin*, 518 U.S. 651 (1996). We appreciate that this produces different standards of review, depending on the statute that authorizes the federal role, but

that is a consequence of different statutory language. Judges must not treat such differences as obstacles to be overcome.

The judgment of the district court is reversed, and the case is remanded to the district court with instructions to issue an unconditional writ.