NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1053
_____

ROBERT DESROSIERS,
                                        Appellant
v.

ROY L. HENDRICKS, Warden, Essex County Correctional Facility;
SECRETARY US DEPARTMENT OF HOMELAND SECURITY;
ATTORNEY GENERAL OF THE UNITED STATES;
BUREAU OF IMMIGRATION AND CUSTOMS ENFORCEMENT,
DEPARTMENT OF HOMELAND SECURITY FIELD OFFICE DIRECTOR FOR
DETENTION AND REMOVAL FOR NEW JERSEY
_____

On Appeal from the United States District Court
for the District of New Jersey,
(No. 2:11-CV-04643)
District Judge:  Honorable Faith S. Hochberg
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 6, 2013

Before:  SLOVITER, FUENTES, and ROTH, *Circuit Judges*.

(Filed: July 24, 2013)
_____

OPINION OF THE COURT
_____

FUENTES, *Circuit Judge*:

Robert Desrosiers petitions for a writ of habeas corpus under 28 U.S.C. § 2241,

contesting his detention by United States Immigration and Customs Enforcement

("ICE"). The District Court denied Desrosiers' petition, holding that he was subject to mandatory detention under 8 U.S.C. § 1226(c). Desrosiers appeals, arguing that mandatory detention under § 1226(c) is not applicable because he received a noncustodial sentence, was not detained when released, and received a stay of removal. We will affirm the District Court's denial of Desrosiers' petition.

I.

Because we write primarily for the parties, we discuss the facts only to the extent necessary for our resolution of the issues raised on appeal.

Appellant Robert Desrosiers is a native and citizen of Haiti who became a permanent resident of the United States in 1992. In October 2006, Desrosiers was arrested on charges of assisting in the preparation of false tax returns and was released on bond. He subsequently pled guilty and was sentenced to three years probation on June 11, 2009. Just over two years later, Desrosiers was arrested and taken into custody by ICE, and charged with removability for having been convicted of an aggravated felony. On August 8, 2011, an Immigration Judge held that Desrosiers was subject to detention under the immigration law's mandatory detention provision. Desrosiers was later found to be removable, and in June 2012, we granted Desrosiers' request for a stay of removal pending review of the removal proceedings.

Meanwhile, on August 11, 2011, Desrosiers filed this petition for a writ of habeas corpus, arguing that the mandatory detention provision of the immigration law did not apply to him. He contends that the immigration statute's provision addressing mandatory detention requires that ICE detain an alien at the precise moment of his or her release.

2

Because Desrosiers was released on bond after his arrest and later sentenced to probation, Desrosiers contends that he was not eligible for mandatory detention. The District Court denied the petition, finding the statute was ambiguous and deferring to the Board of Immigration Appeal's ("BIA") interpretation that mandatory detention does not require immediacy. App. 4-6 (citing *In re Rojas*, 23 I. & N. Dec. 117 (B.I.A. 2001)). Desrosiers timely appealed.

## II.

The District Court had jurisdiction under 28 U.S.C. § 2241. We have jurisdiction over this appeal from the District Court's denial of the petition under 28 U.S.C. § 1291. We exercise plenary review over the denial of habeas corpus relief. *Vega v. United States*, 493 F.3d 310, 314 (3d Cir. 2007).

Section 1226(a) provides the Attorney General with the discretionary authority to detain an alien "pending a decision on whether the alien is to be removed from the United States." Such individuals are eligible for a bond hearing. Under § 1226(c), however, other individuals are subject to mandatory detention pending removal proceedings, without the opportunity for a bond hearing. 8 U.S.C. § 1226(c) ("The Attorney General *shall* take into custody any alien who [has committed enumerated offenses, including an aggravated felony] *when the alien is released*, without regard to whether the alien is released on parole, supervised release, or probation . . . .") (emphasis added).

Desrosiers argues that he is not subject to mandatory detention under § 1226(c) because ICE did not immediately detain him until over two years after he was released on probation in 2009. For that reason, he contends, § 1226(a) governs his custody and he is

3

eligible for a bond hearing to evaluate whether detention is necessary.

We have recently addressed this precise issue in *Sylvain v. Att'y Gen.*, 714 F.3d 150 (3d Cir. 2013). There, the petitioner was detained by ICE, without a bond hearing, four years after he pled guilty and was conditionally discharged without any term of imprisonment or probation. We held that immigration officials do not lose their authority to impose mandatory detention under § 1226(c) if the government fails to immediately detain the alien upon his or her release from state or federal custody. *Sylvain*, 714 F.3d at 152. In *Sylvain*, contrary to the District Court in this action, we indicated that we did not need to determine whether the law was ambiguous or whether to defer to the BIA's interpretation in *Rojas*. *Id.* at 156-57. In so concluding, we stated:

> Our holding rests on a simple observation: even if the statute calls for detention "when the alien is released," and even if "when" implies some period of less than four years, nothing in the statute suggests that officials lose authority if they delay. . . . [A]s the Supreme Court has explained in a related context, "[t]he end of exacting compliance with the letter of [the statute] cannot justify the means of exposing the public to an increased likelihood of violent crime by persons on bail, an evil the statute aims to prevent."

*Id.* at 160 (quoting *United States v. Montalvo-Murillo*, 495 U.S. 711, 720 (1990)). Our holding in *Sylvain* effectively disposes of Desrosiers' claim for habeas corpus relief based on the timing of his apprehension by ICE.

In an attempt to pull this case from the grasp of *Sylvain*, Desrosiers claims that under *Leslie v. Att'y Gen.*, 678 F.3d 265 (3d Cir. 2012), the authority to detain him reverts from § 1226(c) to § 1226(a) following a grant of a stay of removal. However, Desrosiers' reliance on *Leslie* is unavailing. In *Leslie*, we held that the petitioner

4

remained subject to detention under § 1226[1] during a stay of removal. 678 F.3d at 270. After being continuously detained for nearly four years, we found his detention to be "unreasonably long" and granted a bond hearing to provide Leslie with an "individualized inquiry into whether detention [was] still necessary to fulfill the statute's purposes." *Id*. at 270-71 (quoting *Diop v. ICE/Homeland Sec.*, 656 F.3d 221, 231 (3d Cir. 2011)). We never stated in *Leslie* that our grant of a bond hearing turned on our earlier grant of a stay of removal. If we meant to suggest, as Desrosiers claims, that detention reverts to § 1226(a) after a stay of removal has been granted, our analysis under *Diop*'s reasonableness of detention standard would have been unnecessary. Desrosiers' attempt to read such an outcome into *Leslie* is without merit.

Finally, Desrosiers claims he is not subject to mandatory detention because he was sentenced to probation and not to a term of imprisonment and thus was never "released" from custody. Section 1226(c) directs that an individual be taken into custody "when . . . released, without regard to whether the alien is released on parole, supervised release, or probation . . . ." This language clearly contemplates convictions resulting in probationary sentences. In *Sylvain,* we recognized the BIA's interpretation in earlier cases that release following arrest can satisfy the release requirement, noting that Sylvain's release from arrest and conviction "certainly fulfilled the release requirement." 714 F.3d at 160; *see also In re West*, 22 I. & N. Dec. 1405, 1410 (B.I.A. 2000) (reasoning that "'[r]eleased' in this context can also refer to release from physical custody following arrest" when the

---

[1] While we did not specify which subsection Leslie was originally detained under, presumably he was subject to mandatory detention under § 1226(c) due to his previous conviction for an aggravated felony. *See Leslie,* 678 F.3d at 267.

respondent was arrested and released on bond). Furthermore, the imposition of Desrosiers' probationary sentence and termination of bond also constituted a "release" from custody. *See Hensley v. Mun. Ct.*, 411 U.S. 345, 351 (1973) (noting that the petitioner, who was released on his own recognizance, was "in custody" for the purpose of habeas review because he was obligated to appear whenever ordered by the court and could not "come and go as he please[d]"). Because Desrosiers' freedom of movement was restricted and he was obligated to appear, he remained "in custody" until sentenced and released on probation. Because release from his pre-conviction arrest and release from bond into probation both fulfill the §1226(c) release requirement, we hold that Desrosiers is subject to the mandatory detention provision.

## III.

For the reasons stated above, we conclude that Desrosiers is subject to mandatory detention. Accordingly, we will affirm the judgment of the District Court denying Desrosiers' petition.