CLD-379                                                      **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1982
_____

FRANKLYN FOSTER

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA;
SECRETARY UNITED STATES DEPARTMENT OF
HOMELAND SECURITY; FIELD OFFICE DIRECTOR FOR
PHILADELPHIA IMMIGRATION AND CUSTOMS
ENFORCEMENT FIELD OFFICE; MARY SABOL,
                                                                Appellants
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civ. No. 1-12-cv-02579)
District Judge:  Honorable Christopher C. Conner
_____

Submitted on Appellants' Motion for Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
August 8, 2013
Before:  RENDELL, JORDAN and SHWARTZ, <u>Circuit</u> <u>Judges</u>

(Opinion filed: August 27, 2013)
_____

OPINION
_____

PER CURIAM

    Appellants appeal from the District Court's order granting Franklyn Foster's

petition for a writ of habeas corpus and directing the Attorney General to provide him

with a bond hearing.  We will vacate and remand for further proceedings.

Foster is a citizen of Trinidad and Tobago and a lawful permanent resident of the United States.  He has numerous criminal convictions in Maryland and most recently pleaded guilty to a fourth-degree sexual offense and second-degree assault in 2011.  He was released from state custody in April 2011.  In November 2011, the Government served him with a notice to appear charging him as removable for having been convicted of aggravated felonies and crimes involving moral turpitude.  The same day, the Government took him into mandatory detention pursuant to 8 U.S.C. § 1226(c), which requires detention without bond for certain criminal aliens.  See Sylvain v. Att'y Gen., 714 F.3d 154-55 (3d Cir. 2013).

After having been in immigration custody for approximately 14 months, Foster filed pro se a habeas petition arguing that he was entitled to a bond hearing because (1) the Government lost the authority to detain him under § 1226(c) when it did not do so immediately following his release from state custody, and (2) even if his initial detention under § 1226(c) were lawful, his continued detention has become unreasonably long as a matter of due process.  The District Court agreed with the first of these arguments and, by order entered February 4, 2013, it granted Foster's petition and ordered the Attorney General to provide him with a bond hearing on that basis.  The District Court did not reach Foster's second argument regarding the duration of his confinement.  An Immigration Judge has since conducted a bond hearing and ordered Foster's release on $10,000 bond (although, as explained in the margin, it is not clear from the record

2

whether Foster has posted bond and been released).[1]  Foster's immigration proceeding

remains ongoing.  Appellants have appealed from the District Court's February 4 order

and have filed a motion to summarily reverse it in light of our subsequent decision in

Sylvain.[2]

That motion is granted in part.  We agree with the Government that Sylvain, of

which the District Court did not have the benefit when it rendered its decision, has

invalidated the basis for the District Court's ruling.  In that case, we held that the

Government retains the authority to take aliens into mandatory detention under § 1226(c)

even if it does not do so immediately upon their release from state custody.  See Sylvain,

714 F.3d at 161.  Because the District Court's contrary conclusion was the sole basis for

its grant of habeas relief, its ruling (which Foster does not defend on appeal) cannot

stand.

We disagree with the Government's further argument, however, that we should

simply reverse because "there are no other issues to resolve."  Ordinarily, a reversal on

the basis of Sylvain would have the effect of setting aside the bond proceeding.  See id. at

161 n.12.  In this case, however, Foster asserted another ground for relief that also would

entitle him to a bond hearing—i.e., that his detention under § 1226(c) has been

unreasonably long.  See Leslie v. Att'y Gen., 678 F.3d 265, 269 (3d Cir. 2012); Diop,

---

[1] Foster filed a motion in the District Court seeking a reduction in the $10,000 bond, which the District Court denied.  He asserts on appeal that he remained in custody at least as of June 11, 2013, but the Government has not addressed his custody status.

[2] The District Court had jurisdiction under 28 U.S.C. § 2241, and we have jurisdiction under 28 U.S.C. § 1291.  See Diop v. ICE/Homeland Sec., 656 F.3d 221, 226 (3d Cir. 2011).  We may take summary action when an appeal presents no substantial question.  See 3d Cir. LAR 27.4; 3d Cir. I.O.P. 10.6.

656 F.3d at 232-33. The District Court did not reach this argument, and Foster continues to press it on appeal. Whether Foster's detention is (or was) unreasonably long "is a fact-dependent inquiry requiring an assessment of all of the circumstances of any given case." Diop, 656 F.3d at 234. We will remand for the District Court to conduct that inquiry in the first instance.[3]

If the District Court determines that Foster's detention has not been unreasonably long, then it should deny his petition and thus effectively set aside his bond proceeding consistent with Sylvain. If the District Court determines that Foster's detention has been unreasonably long, by contrast, then he is entitled to "an individualized inquiry into whether detention is still necessary to fulfill the [mandatory detention] statute's purposes of ensuring that an alien attends removal proceedings and that his release will not pose a danger to the community." Diop, 656 F.3d at 231. We express no opinion on whether the bond hearing that Foster already has received qualifies or otherwise has effectively afforded him relief.

One final point requires brief discussion. In addition to the claims discussed above, Foster asserted in his habeas petition that his mandatory detention under § 1226(c) is unlawful because certain of his convictions occurred before § 1226(c) was enacted in 1996. He expressly disclaimed seeking any relief in that regard, however, and the

---

[3] We express no opinion on the merits of Foster's claim except to note the following. Foster's release from custody would not necessarily render his habeas petition moot. See Diop, 656 F.3d at 226-29. If Foster remains in custody, his detention since November 10, 2011, far exceeds the period of up to five months during which aliens typically are detained under § 1226(c). See id. at 233-34. The Government argues that Foster's prolonged custody is due to the number of continuances that the Immigration Judge has granted at his request. While that is a highly relevant consideration, it is not necessarily dispositive. See Leslie, 678 F.3d at 269; Diop, 656 F.3d at 234.

Government asserts that he remains subject to mandatory detention because he was convicted of a crime involving moral turpitude in 2011—i.e., a sexual offense in the fourth degree under Md. Code Ann., Crim. Law, § 3-308. Foster has not challenged that assertion or otherwise mentioned this issue on appeal, but we will leave it to the District Court to address it in the first instance if necessary on remand.

For the foregoing reasons, we will vacate the District Court's order granting Foster's habeas petition and remand for further proceedings.