UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-3626
_____

KAMAL JAMAI,
Appellant
v.

SARAH R. SALDANA, DIRECTOR OF U.S. IMMIGRATION AND CUSTOMS
ENFORCEMENT; THOMAS DECKER, PHILADELPHIA FIELD OFFICE
DIRECTOR FOR U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT;
WARDEN PIKE COUNTY CORRECTIONAL FACILITY; THE ATTORNEY
GENERAL OF THE UNITED STATES
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
(D.C. No. 3-15-cv-01756)
District Judge: Hon. James M. Munley
_____

Submitted Under Third Circuit LAR 34.1(a)
April 26, 2016
_____

Before: SMITH, HARDIMAN and SHWARTZ, Circuit Judges.

(Filed:   April 28, 2016)

ORDER
_____

Petitioner Kamal Jamai, a criminal alien from Morocco who has been held in

immigration custody for more than two years, filed a petition for a writ of habeas corpus

pursuant to 28 U.S.C. § 2241.  The District Court denied the petition and Jamai appealed.

At the time the District Court ruled on Jamai's habeas petition, Jamai was subject to a

final order of removal. In a separate proceeding, Jamai filed a petition for review of his final order of removal and moved to stay his removal. This Court granted the stay while the habeas petition was still pending in the District Court. After the District Court denied the habeas petition, this Court granted Jamai's petition for review. See Jamai v. Att'y Gen., No. 15-1116, 2015 WL 9583890 (3d Cir. Dec. 31, 2015). As a result, Petitioner is no longer subject to a final order of removal.

This changed status triggers a different statutory provision for evaluating his request for release from the one the District Court applied.[1] See Leslie v. Att'y Gen., 678 F.3d 265, 268-70 (3d Cir. 2012) (explaining that detention under 8 U.S.C. § 1231(a) applies to a criminal alien subject to a final order of removal, and requires consideration of whether "a significant likelihood of removal in the reasonably foreseeable future exists," and that detention under 8 U.S.C. § 1226 applies to a criminal alien prior to the issuance of a final order of removal or when removal has been stayed, and requires an "individualized inquiry into whether detention is still necessary") (internal quotation marks and citations omitted). Because the applicable provision requires an inquiry not previously conducted, it is hereby ordered that the District Court's order dated October 16, 2015 is vacated, and the case is summarily remanded to the District Court to consider the request for relief under § 2241 in light of Jamai's status and the applicable law.

By the Court,

s/Patty Shwartz
Circuit Judge

---

[1] The provision that now applies was also applicable when the District Court ruled on the habeas petition given the stay that was in place at that time.

Attest:

s/ Marcia M. Waldron
Clerk

Dated:     April 28, 2016