**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-2241
_____

PAUL ECCLESTON JACKSON,
Appellant

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA; THOMAS DECKER;
WARDEN PIKE COUNTY CORRECTIONAL FACILITY
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 15-cv-02459)
District Judge:  Honorable James M. Munley
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 17, 2016
Before: AMBRO, KRAUSE and NYGAARD, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  October 19, 2016)
_____

OPINION[*]
_____

PER CURIAM

     Paul Eccleston Jackson appeals from an order of the United States District Court

for the Middle District of Pennsylvania denying his petition under 28 U.S.C. § 2241.  For

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

the following reasons, we will vacate the District Court's order and remand for further proceedings.

Jackson was born in Jamaica in 1967, and was admitted to the United States as the child of a permanent resident in 1981. Thereafter, Jackson was deported from the United States at least three times following drug convictions. In 2012, he pleaded guilty to illegal reentry after deportation, 8 U.S.C. §§ 1326(a) and (b)(2), and was sentenced to 52 months of imprisonment. Around the same time, an Immigration Judge entered an order of removal against Jackson. Jackson did not appeal that decision to the Board of Immigration Appeals.

On April 10, 2015, Immigration and Customs Enforcement (ICE) took Jackson into custody and placed him in detention at the York County Prison. After obtaining travel documents, ICE scheduled Jackson's removal for the end of July 2015. Just prior to removal, however, on July 29, 2015, we granted Jackson's request for a temporary stay of removal. That temporary stay was issued in connection with Jackson's "Motion to Declare United States Citizenship," which was transferred to us from the District Court. On February 4, 2016, we transferred that matter back to the District Court, noting that "[o]ur order temporarily granting Jackson's motion for a stay, shall remain in effect only until completion of the transfer." Jackson v. Att'y Gen., C.A. No. 15-2702.

Meanwhile, in December 2015, Jackson filed in the District Court a petition under § 2241, alleging that his detention violated his constitutional rights. The District Court denied the petition, holding that "Jackson is not entitled to relief as ICE is in possession

2

of a travel document to effect his removal to Jamaica . . . and he is therefore unable to establish that there is not a significant likelihood of his removal in the reasonably foreseeable future." Jackson appealed. We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over the District Court's legal conclusions and apply a clearly erroneous standard to its findings of fact. Cradle v. U.S. ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam).

Jackson is detained pursuant to 8 U.S.C. § 1231, which provides for detention only "during" and "beyond" the "removal period."[1] §§ 1231(a)(2) & (a)(6). The "removal period" begins on the latest of (i) the date the order of removal becomes administratively final; (ii) if the removal order is judicially reviewed and if a court orders a stay of the alien's removal, the date of the court's final order; and (iii) if the alien is detained or confined (except under an immigration process), the date the alien is released from

---

[1] Jackson alleges that his detention is governed by the statute pertaining to pre-removal detention, 8 U.S.C. § 1226, because this Court issued a stay of removal on July 29, 2015. In support of this argument, Jackson relies on Leslie v. Att'y Gen., 678 F.3d 265, 270 (3d Cir. 2012), where we held that an alien's detention is governed by § 1226 during a stay issued by a court that is reviewing a removal order. Id. Here, however, the stay was not issued in connection with our review of a removal order. Instead, it was issued pending transfer to the District Court of Jackson's "Motion to Declare United States Citizenship." Therefore, we conclude that Jackson's detention must be analyzed under § 1231. See Prieto-Romero v. Clark, 534 F.3d 1053, 1060 n.6 (9th Cir. 2008) (stating that "[t]he beginning of the removal period is not delayed by *every* judicially entered stay" and noting that "the entry of a stay of removal for any reason [other than review of a removal order]—for example, a stay entered while a court reviews an alien's § 2241 habeas petition or petition for review of the BIA's denial of a motion to reopen—does not prevent the removal period from beginning.").

detention or confinement. 8 U.S.C. § 1231(a)(1)(B). Here, the removal period began to run on April 10, 2015, the date that ICE took Jackson into custody following his release from his criminal sentence. § 1231(a)(1)(B)(iii).

Detentions authorized by § 1231(a) are governed by the structure laid out by the Supreme Court in Zadvydas v. Davis, 533 U.S. 678 (2001). Zadvydas holds that the Government may not detain an alien who has been ordered removed for a period longer than "reasonably necessary to bring about that alien's removal[.]" Id. at 689. Zadvydas also established a "presumptively reasonable" removal period of six months. Id. at 701. "After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. . . . [A]n alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." Id.

When Jackson filed his § 2241 petition in December 2015, he had been detained for approximately eight months. The Government filed its Answer to the § 2241 petition on February 9, 2016, at which point Jackson had been detained for 10 months. The District Court denied the § 2241 petition approximately two and a half months later, on April 22, 2016. Jackson then had been detained for over one year. The District Court concluded, however, that Jackson was unable to establish that there was not a significant likelihood of his removal in the reasonably foreseeable future because "ICE is in possession of a travel document to effect his removal to Jamaica."

4

The Government had conceded, however, that the travel document "expired when the stay of removal was granted that cancelled [Jackson's] removal." Decl. of Matthew Basztura, ICE Deportation Officer, ¶ 20 (Appellee's Suppl. Excerpts of R. – Vol. II, 23). A new travel document was needed to effectuate Jackson's removal, but the Government claimed that it could not obtain such a document because our stay order was still in place.[2] Id. ("Once the stay lifts, ICE can resume its efforts to obtain travel documents for Mr. Jackson's removal to Jamaica."). Thus, contrary to the District Court's finding, ICE was not in possession of a travel document for Jackson.

Because the District Court concluded that ICE's possession of a travel document effectively defeated Jackson's § 2241 petition, it did not address the Government's argument that his "detention time has not passed the presumptively reasonable six-month period." That argument was based on the contention that the stay of removal entered on July 29, 2015, suspended the post-order removal period under Zadvydas. See Lawrence v. Gonzales, 446 F.3d 221, 227 (1st Cir. 2006) (holding that alien's continued detention past presumptively reasonable post-order removal period was allowed where it "occurred pursuant to his own procuring of stays incident to his legal challenges to the removal order"); Akinwale v. Ashcroft, 287 F.3d 1050, 1052 n.4 (11th Cir. 2002) (per curiam) (by

---

[2] We note that the stay of removal had expired upon our transfer of Jackson's "Motion to Declare United States Citizenship" to the District Court. See Jackson, C.A. No. 15-2702 (order entered Feb. 4, 2016) (stating that "[o]ur order temporarily granting Jackson's motion for a stay, shall remain in effect only until completion of the transfer."). Indeed, the District Court acknowledged that "[p]resently, there is no stay of removal in place."

applying for stay, petitioner interrupted the running of the time under <u>Zadvydas</u>). But the Government did not address and the District Court did not consider whether, even excluding the period during which the stay was in place (July 29, 2015, to February 4, 2016), Jackson's detention exceeded <u>Zadvydas</u>' presumptively reasonable six-month period by a few days at the time the District Court issued its decision and what significance to accord such delay.

For the foregoing reasons, we conclude that the District Court erred in basing its holding on ICE's "possession of a travel document to effect [Jackson's] removal to Jamaica." We express no opinion on the merits of Jackson's § 2241 petition, of the Government's alternative argument, or of whether Jackson's detention complies with constitutional, statutory, and regulatory requirements. Rather, we will vacate the District Court's judgment and remand for further proceedings consistent with this opinion. We deny Jackson's "Petition to Supplement Petition for Review [and for] a Temporary Restraining Order," in which he seeks release pursuant to 18 U.S.C. § 4001, based on his claim of United States citizenship. The Government's motion to file supplemental excerpts of the record is granted.