**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-4352
_____

FRIDAY OGUNYEMI JAMES,
Appellant

v.

WARDEN YORK COUNTY PRISON
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No 3-16-cv-02266)
District Judge:  Honorable James M. Munley
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 17, 2017
Before:  SHWARTZ, COWEN and FUENTES, <u>Circuit</u> <u>Judges</u>

(Opinion filed: July 18, 2017)
_____

OPINION[*]
_____

PER CURIAM

Friday Ogunyemi James, a pre-removal detainee proceeding pro se, appeals from

the District Court's order denying his petition for writ of habeas corpus pursuant to 28

U.S.C. § 2241.  We will affirm.

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

I.

James is a Liberian citizen who entered the United States in 2000 and adjusted his status to lawful permanent resident in 2009.  In October 2012, a jury in the United States District Court for the Eastern District of Pennsylvania found James guilty of 26 counts of preparing false tax returns, in violation of 26 U.S.C. § 7206(2).  He was sentenced to thirty-six months' imprisonment.  In light of this conviction, the Government charged him with removability and lodged a detainer against him.  James completed his federal sentence on August 9, 2016, at which time he was taken into ICE custody under 8 U.S.C. § 1226(c), which directs the Government to detain criminal aliens during their removal proceedings.

On September 13, 2016, an Immigration Judge (IJ) determined that James was removable on the ground that his tax-fraud conviction constituted an aggravated felony under INA § 237(a)(2)(A)(iii).  James persuaded the Board of Immigration Appeals (BIA) that the IJ had committed an error, and the matter was remanded to the IJ, where it remains pending.[1]

---

[1] The IJ had relied on James's criminal Presentence Investigation Report (PSR) to conclude that James's criminal conduct was an offense that "involves fraud or deceit in which the loss to the victim or victims exceeds $10,000."  INA § 101(a)(43)(M)(i).  James appealed to the Board of Immigration Appeals (BIA), challenging the IJ's reliance on the PSR to find that his criminal conduct met this definition.  The BIA agreed that the PSR did not clearly establish that the stated loss was tethered to James's criminal conduct, and remanded the matter to the IJ.  Following a hearing, and based on new evidence concerning the loss, the IJ confirmed his previous conclusion that James was removable under §§ 237(a)(2)(A)(iii) and 101(a)(43)(M)(i).  The IJ then continued the

On November 9, 2016, James filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the District Court seeking release from ICE custody. The District Court denied relief, concluding that James was being properly detained under 8 U.S.C. § 1226(c), and that his four month detention did not rise to the level of constitutional concern. James timely appealed from the District Court's order.[2]

## II.

James first argues that he is being unlawfully detained under 8 U.S.C. § 1226(c) because the IJ's determination that he is removable based on his tax-fraud conviction is erroneous. Section 1226(c)(1)(B) and the applicable regulations direct the Government to "detain an alien if there is '<u>reason to believe</u> that [he] was convicted of a crime covered by the statute.'" <u>Diop v. ICE/Homeland Sec.</u>, 656 F.3d 221, 230 (3d Cir. 2011) (emphasis added) (quoting 63 Fed. Reg. 27444); <u>see also</u> 8 C.F.R. § 236.1; <u>In re Joseph I</u>, 22 I. & N. Dec. 660, 668 (B.I.A. 1999)). In this case, James does not dispute that he was convicted of twenty-six counts of aiding and abetting tax-fraud under 26 U.S.C. § 7206(2), and that the overall loss from the tax-fraud scheme was approximately $1.2 million. He also does not dispute that his attorney stipulated that James was responsible for $145,156 in loss at his sentencing hearing. Although James continues to challenge the loss amount attributable to him in his removal proceedings, we are satisfied that,

---

proceedings to provide James an opportunity to prepare an application for relief from removal.

[2] We have jurisdiction pursuant to 28 U.S.C. § 1291.

under these circumstances, the Government had "reason to believe" that James committed a crime that subjected him to mandatory detention under § 1226(c)(1)(B). Whether, "as a definitive legal matter," that belief proves accurate is not the relevant question. Id.

James next claims that the length of his detention without a bond hearing—four months of the time—was unreasonably long. We have held that § 1226 "authorizes detention for a reasonable amount of time, after which the authorities must make an individualized inquiry into whether detention is still necessary to fulfill the statute's purposes of ensuring that an alien attends removal proceedings and that his release will not pose a danger to the community." Diop, 656 F.3d at 231; see also Leslie v. Att'y Gen., 678 F.3d 265, 269-70 (3d Cir. 2012). This is a "fact dependent inquiry that will vary depending on individual circumstances." Diop, 656 F.3d at 231.

The District Court correctly concluded that James's four-month detention was not unreasonably long. In Demore, the Supreme Court noted that, on average, removal proceedings for aliens who have sought administrative review last roughly five months. 538 U.S. 510, 530 (2003). In Diop, this Court stated that detention becomes constitutionally "suspect" as it crosses that threshold, in the absence of adequate review. 656 F.3d at 234. And, in Chavez-Alvarez v. Warden York Cty. Prison, we explained that, although the alien's detention was—on balance—reasonably necessary at the six-month mark, the balance of interests at stake tipped in his favor over the six months that followed. 783 F.3d 469, 477-78 (3d Cir. 2015). In light of this precedent, we see no

4

error in the District Court's conclusion that James's four-month-long detention was constitutionally permissible.

III.

Accordingly, we will affirm.